Argued and submitted December 13, 1984, affirmed February 20, 1985

# JACKSON et al,
*Appellants,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2125; SC S30832)

695 P2d 923

Neil J. Driscoll, Portland, argued the cause and filed briefs for appellants.

G.F. Bartz, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General.

LENT, J.

## LENT, J.

Plaintiffs-taxpayers failed to appeal to defendant Department of Revenue (Department) from a determination and assessment of additional tax within 90 days from receipt of notice. ORS 305.280(1). Plaintiffs then filed this proceeding in the Oregon Tax Court seeking redetermination of their tax liability. The tax court granted Department's motion to dismiss for failure to exhaust administrative remedies and entered an appropriate judgment. We affirm.

The record, consisting of the pleadings, supporting affidavits, and transcript of proceedings before the tax court, reveals the following facts. Plaintiffs are husband and wife. On March 6, and then July 29, 1981, the Department sent them notices of failure to file income tax returns for 1979. These notices were sent to plaintiffs' former address and, therefore, were not received. On July 6, 1982, the Department sent a third notice to plaintiffs' current address, demanding that their 1979 return be filed within 30 days. Plaintiffs informed the Department's revenue agent (who was auditing their return for a different year) that they had filed their 1979 return and that it could be obtained from their accountant. Plaintiffs did not pursue the matter further.

Plaintiffs subsequently received from the Department a notice of determination and assessment, dated December 27, 1982, stating that plaintiffs owed $22,549.38 for income from "sale of property and profits of business." The notice further stated that plaintiffs had 90 days from the date of notice to appeal. Plaintiffs themselves, as well as their accountant to whom the matter was turned over, made several inquiries of various employees of the Department regarding the basis for the additional assessment. It would serve no purpose to recite the history of these inquiries, other than to say that plaintiffs believed they did not receive an adequate explanation. On August 30, 1983, plaintiffs filed a petition appealing from the determination and assessment. The Department dismissed the petition on the ground that it was not timely filed. Plaintiffs then filed a complaint with the Oregon Tax Court, and the Department moved for an order dismissing the complaint on the ground that plaintiffs had not exhausted their administrative remedies, citing *Mullenaux v. Dept. of Revenue,* 293 Or 536, 651 P2d 724 (1982). The tax

court allowed the motion and entered judgment for defendant, and plaintiffs now appeal to this court. ORS 305.445.

ORS 305.275(4), the exhaustion of remedies statute, provides:

"[N]o person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless he first exhausts the administrative remedies provided him before the department and the director."

In *Mullenaux v. Dept. of Revenue, supra,* plaintiffs appealed to the Department from an assessment of additional income tax and interest. A hearing was scheduled and notice was given. Plaintiffs failed to attend because the hearing "slipped their minds." Their appeal was dismissed. Plaintiffs then filed a complaint in the tax court challenging the assessment, and the Department in its answer asserted as an affirmative defense plaintiffs' failure to exhaust their administrative remedies. At a hearing before the court, plaintiffs argued that their forgetfulness was sufficient "inadvertence" to justify relief from dismissal. The tax court found plaintiffs' excuse unsatisfactory and unbelievable, and held that it was without jurisdiction to hear the case on the merits. 293 Or at 538-39.

We affirmed. In *Mullenaux* we restated the principle, declared elsewhere, *e.g., Miller v. Schrunk,* 232 Or 383, 388, 375 P2d 823 (1962), and *Johnson v. State Tax Com.,* 218 Or 110, 342 P2d 799 (1959), that "[j]udicial review is only available after the procedure for relief within the administrative body itself has been followed without success." 293 Or at 539. We noted that the burden of proof lay with the plaintiffs and that by failing to appear at the hearing, thereby denying the agency an opportunity to consider their allegations of error, plaintiffs did not preserve their claims of error and judicial review was forfeited. 293 Or at 541.

■ *Mullenaux* does, of course, present a factual situation somewhat different from that of the case at bar. There, plaintiffs filed a timely petition with the Department but did not attend the hearing; here, plaintiffs failed to file a timely petition at all. Nevertheless, the principles we stated in *Mullenaux* regarding the requirement of exhausting administrative remedies before seeking judicial review are equally

applicable. We stated that judicial review is unavailable where a party has "foreclosed through his own inaction completion of the administrative process * * *." 293 Or at 541. As we observed,

> "A party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute. Exhaustion of administrative remedies is not accomplished through the expedience of default."

293 Or at 541.

ORS 305.275, especially 305.275(5), prescribes the procedures for appealing from an "act or omission" of the Department, a process which begins with the filing of a petition with the Department. A petition under that section must be filed within 90 days "after the act or omission becomes actually known to the person * * *." ORS 305.280(1). If the petition does not meet the requirements of section 305.280, the Department is authorized to deny the appeal. ORS 305.280(5). Plaintiffs' petition was filed approximately eight months following their receipt of the third notice. They do not claim lack of knowledge of that notice.

Administrative remedies are not exhausted unless applicable procedures, prescribed by statute or by rule, have been satisfied. Procedures fixing the time limitations for administrative appeals are no less important than those establishing their manner. In other words, the "when" of an appeal demands the same rigorous attention as the "how." To do otherwise, bypassing initial agency review and permitting appellants immediate access to the courts, would deny the statutory scheme and mock the legislative purpose. That would be the result in the case at bar. Plaintiffs were put on actual notice of 90 days in which to appeal to the Department the additional assessment. Those 90 days passed — indeed, approximately another 150 days passed — before plaintiffs filed their petition with the Department. They failed to exhaust their administrative remedies and may not now circumvent the process "through the expedience of default" by obtaining review in the tax court.

Plaintiffs assert on appeal that the Department is equitably estopped from relying on the defense of exhaustion

of remedies.[1] Specifically, they claim that during the eight months of negotiations between themselves, their accountant, and the Department, the Department's "actions" "must certainly have been intended by it to be relie[d] upon." Plaintiffs contend that they did not know the "true facts" behind the assessment, because they were "innocently ignorant of the actual status of the case in that they could not find out in a timely fashion why the adjustments were being made" to their 1979 income tax return.

We have previously recognized that equitable estoppel may be asserted against a taxing authority. *See Pilgrim Turkey Packers v. Dept. of Rev.,* 261 Or 305, 493 P2d 1372 (1972); *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967). Even assuming, however, for sake of argument, that equitable estoppel is properly before this court (we shall show momentarily that it is not), we note that nowhere in the record have plaintiffs pointed to a single instance when they were misled by defendant. On the contrary, the affidavits relied on by plaintiffs themselves testify completely to their own inactivity and indifference.[2]

The principal difficulty with plaintiffs' estoppel argument, however, is not the lack of factual support. Rather, it is their failure properly to raise the issue either before the Department or the tax court. ORS 305.275(5) describes the necessary content of petitions to the Department:

> "The petition shall state the facts relied upon for relief, a description of any property involved, *any statement or proposition of law relied upon,* the relief requested, and shall bear the signature of the petitioner or his authorized representative * * *." (Emphasis added.)

---

[1] Plaintiffs also contend that the assessment violated their rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. This issue is raised for the first time on appeal, and we shall not consider it now. *Smith Kline & French v. Tax Com.,* 241 Or 50, 57, 403 P2d 375 (1965).

[2] Plaintiffs argue that they were unable to appeal because they did not know the basis for the additional assessment, other than that it was for "sale of property and profits from business." We note that the legislature anticipated that problem. ORS 305.265(5) provides that a person who has been given notice of a deficiency may, within 30 days from the mailing of that notice, advise the Department of his objections to the deficiency and request a conference. The purpose of that conference "is to allow a taxpayer * * * to obtain an informal review of the deficiency or action." OAR 150-305.265(6)(B). It appears that plaintiffs did not request a conference.

The purpose of the petition "is to inform the Department and the nonappealing party of the nature of the claim for relief." OAR 150-305.275(1). It is clear, then, that the petition is not merely a formal requirement initiating an appeal. Rather, the petition defines the legal content of the appeal. It alerts all parties to both the factual and legal issues that will be addressed at the hearing.

It is equally clear that issues not preserved before the Department are lost on appeal to the tax court. The director of the Department makes an order on each appeal "granting or denying relief or taking such action as considered appropriate." ORS 305.115(4). This order, "[s]ubject to judicial review by the Oregon Tax Court and the Supreme Court, * * * shall determine finally all the questions of law and fact arising in the appeal under the tax laws of the State of Oregon." *Id.* And, finally:

> "In the case of proceedings [in the tax court] to set aside an order or determination of the department * * *, the issues of fact and law shall be restricted to those raised by the parties in the appeal to the department. If the court finds that other issues are important to a full determination of the controversy, it shall remand the whole matter to the department for further determination and the issuance of a new order * * *."

ORS 305.425(3).

In the case at bar, plaintiffs' petition to the Department listed four reasons for appealing from the assessment. None involved the issue of estoppel. The Department's dismissal of that petition amounted to a final determination of all questions of law and fact arising in the appeal. ORS 305.115(4). Because the issue of estoppel was not raised in plaintiffs' petition,[3] the tax court could not consider it unless the court found that the issue was important for a full determination of the controversy. ORS 305.425(3). The tax court made no such finding.

The judgment of the tax court granting defendant's motion to dismiss is affirmed.

---

[3] Even plaintiffs' complaint before the tax court did not raise an estoppel issue. Plaintiffs did not raise this claim until their memorandum of points and authorities opposing defendant's motion to dismiss.