Argued and submitted November 5, reversed and remanded for further proceedings
December 16, 1986

EBERT,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2371; SC S32686)

730 P2d 550

John T. Ebert, *pro se,* Milwaukie, argued the cause for appellant.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

PER CURIAM

## PER CURIAM

The Department of Revenue dismissed taxpayer's appeal of an assessment of additional personal income tax for the 1981 tax year because taxpayer failed to appear at a scheduled hearing. The Oregon Tax Court held that it lacked subject matter jurisdiction over taxpayer's appeal because taxpayer had failed to exhaust his administrative remedies. The tax court dismissed taxpayer's complaint and he appealed to this court. We hold that the tax court did not lack jurisdiction to examine whether taxpayer had made and the department had correctly considered a request to reopen the record upon a showing of "good and sufficient cause" for taxpayer's failure to appear at the hearing.[1] We therefore reverse and remand the decision to the tax court for that purpose.

The assessment resulted from the department's disallowance of a deduction claimed from taxpayer's income for the tax year 1981. Taxpayer requested a hearing, and on May 23, 1985, the department mailed to defendant notice that the hearing was scheduled for August 5, 1985. Neither taxpayer nor a representative appeared at the hearing or communicated to the department any explanation for the failure to appear. The department dismissed taxpayer's appeal by an order dated September 9, 1985.

Apparently taxpayer wrote a letter to the department asking for reconsideration of the dismissal on grounds that he had relied on Mr. Marvin Helfrich, whom he regarded as his tax attorney, to deal with all matters concerning his taxes, including all correspondence from the department. That letter is not in the record before us, but the chief hearing officer of the department's appeals division, W. Scott Phinney, referred to it in a letter of October 15, 1985, denying taxpayer's request to reconsider the dismissal "at this time." This letter stated:

"I have received your request to have the opinion and order

---

[1] Department of Revenue rules provide that a party's appeal may not be dismissed for failure to appear if:

"The party requests within a reasonable time that the record be reopened, and the party shows good and sufficient cause why the record should be reopened * * *."

OAR 150-305.115-(C)(2)(a). Another rule, OAR 150-307.475(2), provides standards for interpreting "good and sufficient cause."

which was issued on your appeal on September 9, 1985 reconsidered. Unfortunately, the department cannot grant your request at this time.

"Our records indicate that the Notice of Hearing was mailed to you on May 23, 1985. Your hearing was scheduled for August 5, 1985, more than two months later. Even if you were away from your office for the month of June, you had a week prior to leaving and over one month after returning from your trip to become aware of and prepare for the hearing.

"You further indicate in your letter that you were under the impression that Marvin Helfrich had provided the information that was necessary to resolve this matter. This is not the case. As was indicated to you in a conference letter from James Block, dated July 6, 1984, neither you nor Mr. Helfrich attended the conference that was scheduled to discuss this matter with the Audit Division. Moreover, there is no record in our file of Mr. Helfrich being authorized to represent you before the Department of Revenue. Also, you should be aware that Mr. Helfrich is not an attorney currently licensed to practice law in the state of Oregon.

"I am sorry if you have had problems communicating with your representative concerning your tax matters. However, the department has provided you ample opportunity to present your information at both the conference and hearing level. Consequently, the department will not reconsider the opinion and order issued in your appeal or reschedule a hearing in this matter.

"I am sorry the department can be of no further assistance to you at this time. If you wish to pursue this matter further, I suggest you contact the Oregon Tax Court. The Oregon Tax Court hears appeals from Department of Revenue opinions and orders."

Taxpayer responded by a letter addressed to Mr. Phinney on October 21, 1985, which acknowledged that the department had sent timely notice of the scheduled hearing but continued:

"* * * The problem is that I had signed my power of attorney over to Marvin Helfrich and I took the envelopes from the Oregon Department of Revenue that I received in the mail to his office, unopened, assuming that he was taking care of everything. Thus, I was very surprised when I received your September 9, 1985, letter notifying me that the scheduled hearing had been unattended by Mr. Helfrich. Again, I wish to note that Mr. Helfrich is no longer handling my affairs and I

am in the awkward position of trying to appropriately deal with this myself."

The letter ended by repeating taxpayer's request that the hearing be rescheduled. On November 5, 1985, taxpayer filed his complaint in the tax court.

The department moved to dismiss the complaint for lack of jurisdiction over the subject matter and failure to state ultimate facts sufficient to constitute a claim. The tax court entered judgment of dismissal, finding "that it lack[ed] jurisdiction over the subject matter" because by failing to appear at the departmental hearing, taxpayer "did not first exhaust his administrative remedies before appealing to this court, as required by ORS 305.275(4)."[2]

For the proposition that a taxpayer's failure to exhaust administrative remedies deprived the tax court of "jurisdiction," the department cited *Mullenaux v. Dept. of Revenue,* 293 Or 536, 651 P2d 724 (1982). This is not an entirely accurate statement of what *Mullenaux* held.

In *Mullenaux,* as in this case, the department dismissed an appeal after taxpayers failed to appear at a scheduled hearing without having first asked for a postponement or notifying the hearing officer that they would be unable to attend. When taxpayers sought to challenge the disputed assessment in the tax court, the court conducted a hearing on taxpayers' failure to exhaust the departmental procedures, at which Mr. Mullenaux offered only the excuse that the hearing date had "slipped [his] mind." The tax court found this excuse "quite unsatisfactory and unbelievable" and dismissed taxpayers' complaint for failure to exhaust the available administrative remedies.

On taxpayers' appeal, this court affirmed the dismissal, but not because the tax court entirely lacked jurisdiction. Rather, we held that under ORS 305.435 the tax court had no authority to adjudicate the merits of taxpayers' complaint until the court first disposed of their claim that the

---

[2] ORS 305.275(4) provides:

"Except as provided in ORS 118.350 and 305.410, no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

department should have relieved them of the default. We concurred with the tax court's rejection of simple forgetfulness as an excuse. *Mullenaux v. Dept. of Revenue, supra,* 293 Or at 540.

These cases exemplify the common danger of expressing procedural rules in terms of "jurisdiction." If exhaustion of every administrative step available before the department and its director were "jurisdictional," the tax court could not issue a valid judgment even if the department made no objection that a taxpayer failed to exhaust all remedies or even if it affirmatively (but erroneously) agreed that they had been exhausted. The taxpayer as well as the department could disregard the judgment and relitigate the case. But ORS 305.275(4) does not use the word "jurisdiction," and this court, in the final paragraph summarizing *Mullenaux,* only used the term (perhaps incautiously) with reference to not ruling on the merits after the tax court determined that taxpayers were not entitled to be relieved from their procedural default.

Unlike the tax court's finding in *Mullenaux,* here it does not appear from the court's judgment whether the court found that taxpayer had failed to show good cause for reopening the record and obtaining a new hearing before the department.[3] The order merely follows the wording of the department's motion to dismiss for lack of jurisdiction. For this reason, the judgment is reversed and the case is remanded to the Oregon Tax Court for further proceedings.

---

[3] In oral argument before this court, taxpayer, appearing *pro se,* expressed concern that perhaps he was being held to exhaust a further appeal to the Director of the Department of Revenue, ORS 305.275, although the letter from the chief hearing officer directed him to the Oregon Tax Court if he wished to pursue the matter further. The parties have not briefed this question.