Argued and submitted March 7, affirmed April 18, 1989

# EBERT,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 2611; SC S34942)

771 P2d 1018

John T. Ebert, Milwaukie, argued the cause and filed the brief *pro se.*

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause on behalf of the respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this appeal from the Oregon Tax Court, the issue is whether under the applicable statutory scheme a taxpayer was excused from untimely appeal of an income tax assessment. We hold that the taxpayer was not excused and affirm the Tax Court's decision.

Because this is an appeal from the Tax Court, we try this "cause anew upon the record." ORS 19.125; *see* ORS 305.445. Plaintiff has had a number of tax problems over the years. The primary source of his problems seems to have been neglect of plaintiff's affairs by his former tax attorney. *See Ebert v. Dept. of Rev.*, 302 Or 360, 730 P2d 550 (1986). Plaintiff relied on his attorney to handle all of his tax matters.

The present case concerns plaintiff's 1982 personal income taxes. Neither plaintiff nor his attorney filed a timely 1982 Oregon personal income tax return. Defendant, Department of Revenue, sent plaintiff three separate written notices requesting that he file his 1982 tax return.[1] When no return was forthcoming, defendant, pursuant to ORS 305.265(10), computed plaintiff's tax[2] and on December 13, 1984, sent him a written notice of determination and assessment. Following a telephone conversation between plaintiff and an employee of defendant, another letter was sent to plaintiff reminding him of the 90 day statutory deadline for appeal.[3]

---

[1] The notices were mailed on November 8, 1983, December 7, 1983, and January 13, 1984.

[2] ORS 305.265(10) provides:

"In the case of a failure to file a report or return on the date prescribed therefor (determined with regard to any extension for filing), the department shall determine the tax according to the best of its information and belief, assess the tax plus appropriate penalty and interest, and give written notice of the determination and assessment to the person required to make the filing. The amount of tax shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed upon the return."

[3] ORS 305.275(1) provides:

"Any person aggrieved by an act or omission of:

"(a) The Department of Revenue in its administration of the revenue and tax laws of this state; or

"* * * * *

"which affects the property of the person and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue in the

Plaintiff took no further action until December 1985, when he finally filed a 1982 Oregon tax return. Defendant received the return on December 21. The return claimed a refund. On April 1, 1986, defendant informed plaintiff that the assessment had become final and could not be changed. On June 23, 1986, plaintiff wrote defendant requesting a conference concerning his 1982 return. Subsequently, a telephone hearing was held on the matter. Defendant's hearing officer determined that the assessment had become final and was not legally subject to change. Plaintiff filed a timely appeal with the Oregon Tax Court.

■ This case is straightforward. The facts are undisputed and no novel issues of law are raised. Plaintiff was informed of the assessment by a letter dated December 13, 1984. In a December 21, 1984, phone call, plaintiff acknowledged that he had received the assessment. However, his first response was the 1982 tax return, which was received by defendant more than a full year after the notice was mailed. Under ORS 305.280(1), plaintiff had 90 days from when he learned of the department's action to file his appeal. He did not do so.[4] Under these circumstances the defendant was entitled to deny the appeal so long as it did so in a written order. ORS 305.280(5).

■ Plaintiff appealed the written order to the Tax Court, which determined that it could not hear his appeal on the merits because plaintiff failed to exhaust his administrative remedies. That is correct. ORS 305.275(4) provides that "no person shall appeal to the Oregon Tax Court * * * on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director." In *Jackson v. Dept. of Rev.*, 298 Or 633, 637, 695 P2d 923 (1985), "exhaustion of remedies" was construed to include filing a timely appeal with the department. We held that

manner provided by this section."

ORS 305.280(1) provides:

"An appeal under ORS 305.275(1) shall be filed within 90 days after the act or omission becomes actually known to the person, but in no event later than one year after the act or omission has occurred."

[4] In any event, ORS 305.280(1) required that he appeal within a year. He did not do that, either.

allowing a taxpayer to evade administrative review simply by failing to file a timely administrative appeal would "deny the statutory scheme and mock the legislative purpose." *Id.* The present case is no different. Plaintiff's failure to file a timely administrative appeal is a waiver of his right to judicial review.

Plaintiff contends that an earlier case of his, *Ebert v. Dept. of Rev., supra,* should be construed as permitting judicial review in the absence of a timely appeal because, he says, "[t]here is no substantive difference between a failure to appear at a hearing timely filed[—the subject matter of his previous appeal—]and a failure to file a timely appeal."

**4.** Plaintiff is wrong. Timely filing an appeal is the *sine qua non* of the process. Once a timely appeal has been filed the department has statutory authority to decide the issue and a party may be excused for a failure to attend a hearing for "good and sufficient cause."[5] That was the reason this court, in *Ebert,* 302 Or at 365, remanded the case to the Tax Court: *after a timely appeal,* that court had failed to give plaintiff an opportunity "to show good cause for reopening the record and obtaining a new hearing before the department." *Id.* In the present case, plaintiff never properly invoked defendant's appellate authority and was not entitled to a hearing on the merits either by a Department of Revenue Hearing Officer or by the Tax Court.

This ruling may appear unfair to plaintiff because his attorney is primarily at fault for plaintiff's tax problems. However, plaintiff had chances to cure the problem in this case, but did nothing.

The decision of the Tax Court is affirmed.

---

[5] OAR 150-305.115-(C) (2) provides:

"An appeal may not be dismissed for a party's failure to appear if:

"(a) The party requests within a reasonable time that the record be reopened, and the party shows good and sufficient cause why the record should be reopened."