IN THE OREGON TAX COURT

Edwin S. and Agnes D. NUTBROWN et al
*v.*
Richard A. MUNN et al
(TC 2867)

Michael Zusman, Grenley, Rotenberg, Laskowski, Evans &
Bragg, P.C., Portland; John B. Gould, Portland; and Eugene

O. Duffy and Gregory W. Lyons, O'Neil, Cannon & Hollman, S.C., Milwaukie, Wisconsin, represented plaintiffs.

Elizabeth S. Stockdale and Rochelle Nedeau, Assistant Attorneys General, Department of Justice, Salem, represented defendants.

Order dismissing plaintiff's complaint entered October 4, 1989.

## CARL N. BYERS, Judge.

This matter is before the court on defendants' motions to strike and to dismiss. Defendants' motion to dismiss rests primarily on the ground that plaintiffs have failed to exhaust their administrative remedies. Defendants also assert additional grounds of statute of limitations, immunity from claims, mootness and a failure to state claims. Defendants' motion to strike is directed at paragraph 49 of plaintiffs' complaint on the grounds that it fails to comply with Tax Court rules and contains evidentiary matter.

The parties have submitted written memoranda in support of their positions and the court heard oral arguments on September 28, 1989.

Plaintiffs' complaint is entitled:

"First Amended Class Action Complaint For Declaratory Judgment, Injunctive And Monetary Relief (Civil Rights, Quasi-Contract, Constructive Trust, Claim For Refund, Set Aside Assessment, And Mandamus)."

Defendants' motions test only the sufficiency of plaintiffs' allegations. Since the court is not ruling on the merits of plaintiffs' claims but only on the merits of the pleadings, its discussion of the issues will be brief.

The first and primary claim of plaintiffs seeks declaratory relief, damages and attorney fees under 42 USC § 1983. That statute creates a federal cause of action for violations of an individual's constitutional rights. Defendants' motions raise the issue of exhaustion on two different levels as to this claim. The question on the first level is: must plaintiffs, who seek relief in a state court under a federal statute, first exhaust their state administrative remedies? If the answer to that

question is in the affirmative, then a second question is: must plaintiffs exhaust their administrative remedies where they challenge the constitutionality of a statute? Plaintiffs assert that administrative agencies have no authority to rule on the constitutionality of a statute and any exhaustion requirement would be a useless act.

Resolving the issue on the first level requires reconciling United States Supreme Court cases which, on their face, do not appear entirely consistent. In the first instance, plaintiffs assert that the United States Supreme Court has flatly ruled out the need for exhaustion of state administrative remedies. In *Patsy v. Florida Board of Regents,* 457 US 496, 516, 102 S Ct 2557, 73 L Ed 2d 172, 188 (1982), the court stated:

> "[W]e conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983."

The problem, of course, is that courts decide the cases before them and not general propositions. In making the statement in *Patsy,* was the court overruling its position in *Fair Assessment In Real Estate v. McNary,* 454 US 100, 116, 102 S Ct 177, 70 L Ed 2d 271, 283 (1981)? There the court said:

> "[W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by *state remedies,* provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." (Emphasis added.)

Counsel for plaintiffs contend that in using the term "state remedies" the Supreme Court meant state judicial remedies, not administrative remedies. However, Justice Brennan's concurring opinion in that case, joined in by Justices Marshall, Stevens and O'Connor, makes it clear that it is exhaustion of state administrative remedies that the court has in mind.

> "Surely a somewhat lesser showing is required where, as here, we are concerned not with the displacement of the § 1983 remedy, but with the deferral of federal court consideration pending exhaustion of the state *administrative* process." (*Id.,* at 454 US 136 and 70 L Ed 2d 296.)

In essence, *Fair Assessment* seems to suggest that a section 1983 claim has not matured under a state tax law until the state remedies, including administrative remedies, have been exhausted. Only then can the court determine whether the individual has been deprived of his or her constitutional rights.

■    Plaintiffs cite two additional cases subsequent to *Fair Assessment* which indicate that no exhaustion of administrative remedies is necessary. In *Felder v. Casey,* 487 US 131, 108 S Ct 2302, 101 L Ed 2d 123 (1988), the United States Supreme Court found a Wisconsin notice-of-claim statute inconsistent with the federal law. Reiterating its view that section 1983 claims are "judicially enforceable in the first instance," (*Id.,* 101 L Ed 2d, at 144) the court rejected any administrative process which would require the "injured persons to seek satisfaction from those alleged to have caused the injury in the first place." (*Id.,* 101 L Ed 2d, at 145.)

The second case cited by plaintiffs is an Oregon Supreme Court case, *Rogers v. Saylor,* 306 Or 267, 760 P2d 232 (1988). In that case, the court, applying the federal statute, held that a statutory limit on tort claims against public bodies was preempted by the federal law. It stated:

> "A state cannot limit the amount a plaintiff can recover in a section 1983 action, *just as it cannot require that the plaintiff first submit his claims to the government."* (*Id.,* at 278.) (Emphasis added.)

Consistent with the United States Supreme Court cases cited by plaintiffs, the Oregon Supreme Court noted that "[a] contrary holding would create a distinction between a section 1983 claim in state or federal courts." (*Id.,* at 283.)

■    However, these cases are not tax cases. The Supreme Court, in *Fair Assessment,* makes it clear that challenges to a state's tax system are to be treated differently from other kinds of section 1983 claims. That case has been so construed by other states which have been called on to apply its holding. *See Stufflebaum v. Panethiere,* 91 SW2d 271 (Mo S Ct 1985); *Raschke v. Blancher,* 141 Ill App 3d 813, 491 NE2d 1171 (1986); and *Linderkamp v. Bismarck School District No. 1,* 397 NW2d 76 (ND S Ct 1986). Accordingly, this court finds that

plaintiffs are not excused from exhausting their administrative remedies when asserting a section 1983 claim challenging a state tax system.

■ Having reached this conclusion, are plaintiffs nevertheless excused where plaintiffs challenge the constitutionality of the statute? That is, can the administrative agency do anything except affirm because it has no authority to rule on the constitutionality of a statute? This issue may not be as free from doubt as plaintiffs assert. For example, ORS 305.115(4) requires the Department of Revenue in its opinion and order to determine "all" questions of law and fact raised by taxpayer. Perhaps most significant, however, is the point that the requirement of exhaustion of administrative remedies is not judicially imposed. Rather, it is mandated by the legislature. Hence, a failure to meet this condition deprives this court of jurisdiction. As stated by the Oregon Supreme Court in *Dennehy v. Dept. of Rev.*, 295 Or 574, 579, 668 P2d 1210 (1983):

> "The fact that plaintiff was before the Tax Court completely devoid of any administrative record to review is important to our decision. Although the Tax Court hears appeals from the department *de novo,* it is clear from the statutory scheme establishing the Tax Court that it is to decide whether to set aside administrative orders or determination and not to proceed without any such order or determination in actions such as the instant case. *See* ORS 305.425(2); ORS 305.845.

> "Other jurisdictions have reached the same conclusion we reach when confronted with challenges to the constitutionality of tax assessments. The United States Supreme Court has pronounced that '[a] taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity.' *Gorham Mfg. Co. v. Tax Commission,* 266 US 265, 269-70, 45 S Ct 80, 69 LEd 279 (1924) (constitutional attack against New York State tax on foreign corporations).

> "We conclude that plaintiff was statutorily required to exhaust administrative remedies, that he failed to do so, and that therefore the Tax Court lacked jurisdiction to entertain his complaint."

For these reasons, plaintiffs' first claim must be dismissed.

■      Plaintiffs' second claim, in quasi-contract, and plaintiffs' third claim, in constructive trust, must also be dismissed. Both of these claims are barred for the reason that the state has not waived its immunity. ORS 30.265(3)(b). If such claims are to be brought in this court because they arise from questions of law or fact arising under the tax laws of this state,[1] plaintiffs must first exhaust their administrative remedies. ORS 305.275(4).

Plaintiffs' fourth claim is for refund. There can be no doubt that under Oregon statutes a taxpayer must exhaust his administrative remedies before coming to Oregon Tax Court. ORS 305.275(4). Plaintiffs fail to allege compliance with this requirement.

■      Plaintiffs' fifth claim is to set aside assessments. This claim must also be dismissed. ORS 305.265(15) provides for taxpayers to appeal from assessments to the Department of Revenue. ORS 305.280 provides that a failure to appeal to the department causes the assessment to become final. A taxpayer who permits an assessment to become final waives the right to judicial review. *Ebert v. Dept. of Rev.*, 307 Or 649, 771 P2d 1018 (1989). Plaintiffs fail to allege either compliance with the statute or reasonable excuse from such compliance.

Plaintiffs concede that their sixth claim for mandamus should be dismissed.

Having determined that none of the claims in plaintiffs' amended complaint allege facts which place jurisdiction in this court, the court finds that plaintiffs' amended complaint must be dismissed. This being the case, it is unnecessary for the court to rule on defendants' other motions. Now, therefore,

IT IS ORDERED that plaintiffs' Amended Complaint be, and hereby is, dismissed.

---

[1] There is some question whether such claims may be brought in Tax Court since the claim does not affect tax liability. In *Sanok v. Grimes,* 294 Or 684, 701, 662 P2d 693 (1983), the Supreme Court said:

"In summary, we hold that a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability. Therefore, plaintiff's tort claims against tax assessors are not within the subject-matter jurisdiction of the tax court."