Argued and submitted September 1, judgment of the Tax Court affirmed September 29, reconsideration denied November 1, 1994

Trung VAN TRAN,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3437; SC S40774)

880 P2d 924

Carl N. Byers, Judge.

Clayton C. Patrick, of Patrick & Meadowbrook, Salem, argued the cause and filed the briefs for appellant.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Theodore R. Kulongoski, Attorney General, Salem.

GRABER, J.

### GRABER, J.

Taxpayer appeals from a judgment of the Tax Court. The relevant facts are not in dispute.[1]

On August 24, 1990, the Department of Revenue (Department) sent notices of assessment to taxpayer, adjusting his 1986 and 1987 Oregon individual income tax returns. Taxpayer did not appeal from the notices of assessment to the Department within 90 days of the date of the notices.

Taxpayer paid a portion of the assessed taxes. In January 1992, he filed amended Oregon individual income tax returns for 1986 and 1987. Those amended returns claimed a refund. In February 1992, taxpayer also sent the Department a letter appealing from the August 24, 1990, notices of assessment that concerned his 1986 and 1987 income taxes.

The Department concluded that it lacked jurisdiction to consider the merits of taxpayer's 1992 appeal, because he had failed to appeal within 90 days of the August 24, 1990, notices of assessment. Accordingly, the Department declined to consider the merits of taxpayer's position with respect to his 1986 and 1987 individual income taxes.

Taxpayer then filed a complaint in the Tax Court. The Department moved to dismiss the complaint on the ground that taxpayer had failed to exhaust administrative remedies. The Tax Court dismissed the complaint on that ground. Taxpayer appealed to this court, and we now affirm the dismissal of taxpayer's complaint by the Tax Court.

The statutes pertinent to our analysis allow a person in taxpayer's situation to appeal an assessment to the Department within 90 days of the date of the notice, after which the assessment becomes final. Those statutes also require the exhaustion of administrative remedies before a taxpayer may invoke the jurisdiction of the Tax Court.

ORS 305.265(14) provides, in part:

"Assessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280, and

---

[1] We review *de novo*. ORS 305.445; ORS 19.125.

payment of the tax shall not give any person any extension of the period within which an appeal may be taken."

ORS 305.280(2), referred to in the foregoing passage, provides that an appeal from any notice of assessment issued by the Department with respect to individual income taxes "shall be filed within 90 days from the date of the notice." Under those statutes, the assessments sent to taxpayer became final and non-appealable after 90 days — more than a year before taxpayer challenged them.

■       Furthermore, ORS 305.275(4) provides that, with certain exceptions that do not apply here,

"no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

This court has construed the exhaustion-of-remedies requirement of that statute to include the filing of a timely appeal with the Department. In *Ebert v. Dept. of Rev.*, 307 Or 649, 652-53, 771 P2d 1018 (1989), this court said:

"In *Jackson v. Dept. of Rev.*, 298 Or 633, 637, 695 P2d 923 (1985), 'exhaustion of remedies' [in ORS 305.275(4)] was construed to include filing a timely appeal with the department. We held that allowing a taxpayer to evade administrative review simply by failing to file a timely administrative appeal would 'deny the statutory scheme and mock the legislative purpose.' *Id.* The present case is no different. [Taxpayer's] failure to file a timely administrative appeal is a waiver of his right to judicial review.

"* * * * *

"* * * Timely filing an [administrative] appeal is the *sine qua non* of the process. Once a timely appeal has been filed the department has statutory authority to decide the issue * * *. * * * In the present case, [taxpayer] never properly invoked [the Department's] appellate authority and was not entitled to a hearing on the merits either by a Department of Revenue Hearing Officer or by the Tax Court."

The same reasoning applies here and yields the same result.

■       Taxpayer admits that he did not act in a timely manner to exhaust administrative remedies under the above-cited statutes, but he argues that ORS 305.419 provides an

alternative administrative route for a taxpayer who pays an individual income tax assessment and then claims a refund. Specifically, taxpayer argues that an assessment is "final" under ORS 305.265(14) only for the purpose of collecting the amount assessed and that ORS 305.419 has the same effect as the federal statutes that, he asserts, allow a taxpayer to claim a refund after an assessment has become "final" and the tax has been paid.[2]

ORS 305.419 provides, in part:

"(1)   Except as provided in subsection (3) of this section, in any appeal *from* an order of the department involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with * * * the Oregon Tax Court * * *. The complaint shall be filed as a claim for refund.

"* * * * *

"(3)   Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint. If the tax court finds undue hardship, it may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. * * *

"(4)   If, in any appeal *to* the Oregon Tax Court for which payment of tax, penalty and interest assessed is required before filing of a complaint, the tax court orders that all or any part of the amount paid be refunded by the department, the amount so ordered to be refunded shall bear interest * * *." (Emphasis added.)

That section, both by its plain terms and when considered in the context of related procedural statutes concerning notices of assessment (ORS 305.265 to ORS 305.280), applies only *after the completion* of a taxpayer's administrative appeal of a notice of assessment to the Department. It does not have any bearing on the initial requirement to appeal *to* the Department within 90 days. Accordingly, ORS 305.419 does not avail taxpayer here.

The judgment of the Tax Court is affirmed.

---

[2] Taxpayer also argues that his reading of ORS 305.265 to 305.280 and ORS 305.419 is compelled if those statutes are to comport with federal due process. Taxpayer did not make that argument in the Tax Court, so we will not consider it.