Argued and submitted March 9, judgment of the Tax Court affirmed May 12, 1994

Charles A. KELLER,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3163)

Michael McCASLIN
and Elizabeth McCaslin,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3164)

Richard B. KELLER, II,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3165)

Richard B. KELLER
and Ruth E. Keller,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3166)

Dennis B. KRANZ,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3194; SC S40156)

872 P2d 414

Franklin G. Dinces, of Stoel Rives Boley Jones & Grey, Portland, argued the cause for appellants. On the briefs were Milo E. Ormseth and Peter R. Jarvis.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jerry Bronner, Assistant Attorney General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Durham, Justices.

DURHAM, J.

## DURHAM, J.

■ In this appeal from a judgment of the Oregon Tax Court, taxpayers claim that they are entitled to a credit under ORS 316.082(1) for their payment of the Business and Occupation Tax (B & O tax) levied by the State of Washington. ORS 316.082(1) provides, in part:

> "A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of *any income tax imposed* on the individual * * * for the taxable year *by another state of the United States * * * on income* derived from sources therein and that is also subject to tax under this chapter." (Emphasis supplied.)

The issue is whether Washington's B & O tax is a "tax imposed * * * on income" under the statute. We hold that it is not.

Taxpayers were residents of Oregon during one or more of the years 1986, 1987, or 1988. Washington levied the B & O tax on them during those years because of their business activities in that state. Taxpayers contend that they are entitled to a credit under ORS 316.082(1), because the B & O tax is an income tax or an occupational license tax imposed on income. They also contend that Oregon must allow the credit provided by the statute in order to satisfy the requirements of Article I, sections 20 and 32, and Article IX, section 1, of the Oregon Constitution, and the Interstate Commerce, Equal Protection, and Due Process Clauses of the Constitution of the United States. US Const, Art I, § 8; US Const, Amend XIV, § 1.

In affirming the Department of Revenue's denial of a credit, the Tax Court held that the Washington B & O tax is not a tax on income but, instead, is "an excise tax imposed on the privilege of engaging in business." *Keller v. Dept. of Rev.*, 12 OTR 381, 383 (1993). The court also held that the denial of a credit does not violate constitutional requirements, because the B & O tax taxes business activities, not income, and because Oregon may tax all income received by its domiciliaries, regardless of its source.

We determine whether the B & O tax is "tax imposed * * * on income," within the meaning of ORS 316.082(1), by examining the substance and practical effect of that tax, not

only its label under Washington law. *See Automobile Club v. State of Oregon*, 314 Or 479, 488, 840 P2d 674 (1992) (holding that a label attached to an assessment is important, but not dispositive, on the issue of whether it is a tax). We adopt that approach to give effect to the Oregon legislature's intention, which we infer from the statute's text, to avoid double taxation on income received by Oregon taxpayers.

An income tax is a tax imposed on income. ORS 316.037(1)(a) (describing Oregon's personal income tax as a tax "imposed * * * on the entire taxable income of every resident of this state"); 1 Cooley, The Law of Taxation 138, § 49 (4th ed 1924) (hereinafter Cooley); *see Roberts et al v. State Tax Com.*, 229 Or 609, 616, 368 P2d 342 (1962) (noting that Oregon's personal income tax law taxes "income from a wide variety of sources."). An income tax is distinguishable from an excise tax, which is levied on the manufacture, sale, or consumption of commodities within the taxing jurisdiction, on occupational licenses and on corporate privileges. According to Cooley, an excise tax has "no reference to earnings or income except that the sum of such earnings or income may be made the measure of the tax." 1 Cooley, *supra*, at 127, § 42.

Under those criteria, the Washington B & O tax is an excise tax, not an income tax. RCW 82.04.220, which imposes the B & O tax, provides:

> "There is levied and shall be collected from every person a tax for the act or privilege of engaging in business activities. Such tax shall be measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be."

The text of that statute makes clear, and the case law interpreting it confirms, that Washington's B & O tax is a "tax on the privilege of doing business in Washington." *Chicago Bridge v. Dep't of Revenue*, 98 Wash 2d 814, 835, 659 P2d 463, *appeal dismissed* 464 US 1013 (1983). In *St. Regis Paper Co. v. State*, 63 Wash 2d 564, 571, 388 P2d 520 (1964), the Washington Supreme Court held that the B & O tax imposed on manufacturing is "neither a tax on gross income, net income, interstate sales, nor income derived from interstate sales," but is a tax on manufacturing "measured by gross

proceeds from the sale of manufactured articles." That characterization appears to accord with the actual operation of the B & O tax. Under RCW 82.04.220, the "gross income of the business" is a part of the calculus that establishes the rate of taxation, not a description of a taxable event. Because the Washington B & O tax taxes business activities, and not income, the Tax Court correctly concluded that ORS 316.082(1) does not entitle taxpayers to a credit.

■ Taxpayers argue, in the alternative, that the Oregon and federal constitutional provisions on which they rely compel Oregon either to allow the credit that they seek under ORS 316.082 or to refrain from taxing the portion of their income earned in Washington. They rely on *Complete Auto Transit, Inc. v. Brady*, 430 US 274, 97 S Ct 1076, 51 L Ed 2d 326 (1977), and other authorities for the contention that, without a credit for the Washington B & O tax, Oregon's income tax discriminates against interstate commerce and deprives taxpayers of due process and equal protection of the law. We reject taxpayers' arguments, because they proceed from the faulty premise that the Washington B & O tax is an income tax. We have rejected that proposition. We nonetheless do not read *Complete Auto Transit, Inc.* to alter the rule that Oregon is entitled to tax the income of its residents. *See Lawrence v. State Tax Comm.*, 286 US 276, 52 S Ct 556, 76 L Ed 1102 (1932) (holding that domicile established a basis for taxation of income). The state's taxing authority extends to all of the income earned by its residents, including income earned outside the state. *Greenough v. Tax Assessors*, 331 US 486, 491, 67 S Ct 1400, 91 L Ed 1621 (1947); *Lawrence v. State Tax Comm., supra*, 286 US at 281; *Denniston v. Dept. of Revenue*, 287 Or 719, 724, 601 P2d 1258 (1979). We find nothing in the authorities cited by taxpayers that suggests that, in denying a credit for the B & O tax, Oregon has exceeded its authority to levy an income tax on its residents.

The judgment of the Tax Court is affirmed.