John A. BRENNAN and Dorothy
A. Brennan, Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. 79015.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Douglas A. Copeland, Stephen C. Hiotis, Clayton, for Appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for Respondent.

WHITE, Judge.

Texas imposes one tax on corporations doing business in that state and calls it a "franchise tax." [1] The tax is calculated by comparing a net income component and a net capital component; the tax due is the larger of the two components. Missouri allows an income tax credit for income tax paid to another state.[2] In *Herschend v. Director of Revenue*,[3] this Court held that, despite its name, the Tennessee "excise tax" was essentially identical to Missouri's income tax and, therefore, it was an income tax for § 143.081 purposes. In this case, the taxpayers ask the Court to extend *Herschend* to cover the portion of the Texas tax that they claim is attributable to income. We decline to do so. The capital and income portions of the Texas tax are inseparable; thus, even the "income component" of the tax is not an income tax.

John and Dorothy Brennan are Missouri residents who reported 1993 income from Mr. Brennan's ownership in Crown Packaging, a subchapter S corporation doing business in Texas. Crown paid $21,524 in 1994 Texas franchise tax. On the theory that $21,211 of this amount was actually income tax, the Brennans sought a Missouri credit for their pro rata share of that payment.[4] The parties have stipulated that, if the earned surplus component of

the Texas tax is an income tax, the Brennans are entitled to a $8071 credit on their 1993 Missouri return.[5]

The Tennessee "excise tax" at issue in *Herschend* was based on a corporation's "net earnings," a term which was defined as federal taxable income.[6] The Court found that Missouri's income tax was practically identical, despite Tennessee's label: "The two taxes, both based solely on federal taxable income, are essentially the same, the only difference being that Tennessee imposes the tax at the rate of 6% while Missouri imposes the tax at the rate of 6¼%. Therefore, we conclude that the Tennessee tax, under Missouri law, is a corporate income tax entitling [taxpayers] to a credit under § 143.081.1." [7]

Texas's "franchise tax" is the greater of .25% of the corporation's "net taxable capital" and 4.5% of its "net taxable earned surplus." [8] Like Tennessee's net earnings, Texas's net taxable earned surplus is based upon federal taxable income.[9] But since the Texas tax is based upon the two components, it is not "based solely on federal income," as the Missouri tax is.

■ The Brennans recognize this, and do not argue that the entire Texas tax is an income tax. Instead, they urge the Court to split the tax into its component parts and to allow them to treat the earned surplus portion of the tax as an income tax. But this tax cannot be divided. Section 143.081 refers to "the amount of any income tax imposed ... by another state...." The statute implies that the entire tax is either an income tax or is not. This Court has previously approached the problem of categorizing taxes

1. Tex.Tax Code Ann. § 171.001 (West 1992).

2. § 143.081, RSMo 1994.

3. 896 S.W.2d 458 (Mo. banc 1995).

4. *See Wolff v. Director of Revenue,* 791 S.W.2d 390, 392 (Mo. banc 1990) (holding that Missouri shareholders of S corporations are taxable on their pro rata share of all corporate income, subject to credit for the pro rata share of income tax paid to another state).

5. The parties have also stipulated that the question of whether the Texas franchise tax is an

income tax controls whether the Brennans must "add back" their share of Crown's payment to their federal adjusted gross income. *See* §§ 143.121, 143.141(2), 143.411, RSMo 1994.

6. *Herschend,* 896 S.W.2d at 460.

7. *Id.*

8. Tex.Tax Code Ann. § 171.002 (West 1992).

9. Tex.Tax Code Ann. § 171.110 (West 1992).

by characterizing the entire tax as an income tax or some other type of tax. In *King v. Procter & Gamble*,[10] the Court issued a blanket rule that franchise taxes, however calculated, were not income taxes. The idea that franchise taxes and income taxes are mutually exclusive is implicit in that decision and in others dealing with the question.[11]

■ Even if we accept the Brennans' argument that components of taxes can be treated separately under the statute, dividing the Texas tax's income component from its capital component is impossible. Crown's 1994 earned surplus component was $21,524 and its capital component was $313. The Brennans argue that they should be allowed to subtract the capital component from the earned surplus component and treat the difference as a creditable income tax. But this amount is not measured by income. Under the Brennans' proposed calculation, if Crown instead had a capital component of $20,313, with the same income component, its federal taxable income would be the same, its Texas tax would be the same, but the amount of income tax paid for the purpose of Missouri's credit would be $20,000 less. The Brennans' split of the Texas tax would result in corporations with a smaller capital component receiving a larger income tax credit from Missouri, even though their federal taxable income and their Texas tax amounts are exactly the same. A tax that rises and falls based upon the size of a corporation's capital—even when income is constant—is not a tax on income, and, therefore, is not creditable under § 143.081.

The decision of the Administrative Hearing Committee is affirmed.

HOLSTEIN, C.J., and BENTON, ROBERTSON and COVINGTON, JJ., concur.

LIMBAUGH, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of LIMBAUGH, J.

LIMBAUGH, Judge, dissenting.

Less than two years ago, this Court held that "the critical distinction between an income tax and franchise tax is that the former is imposed to compensate the state for benefits already received, while the latter is imposed and payable in advance for the privilege of exercising the right to do business in the state in the future." *Herschend v. Director of Revenue*, 896 S.W.2d 458, 460 (Mo. banc 1995), *citing Educational Films Corp. v. Ward*, 282 U.S. 379, 388, 51 S.Ct. 170, 171–72, 75 L.Ed. 400 (1931). As we explained, "if a corporation ceases to do business during a particular year in which it has generated income, it would still be subject to income tax, but not franchise tax." *Id.* Inexplicably, the majority ignores or disregards this holding despite the fact that the income component of the Texas tax in question, like the Tennessee tax in *Herschend,* compensates the state for benefits already received and is due even if the corporation ceases to exist and discontinues doing business in the state. In particular, the earned surplus component of the Texas tax, payable on May 15 of each year, is computed on the in-state earnings of the corporation for the *previous* calendar year ending December 31. Moreover, should the corporation cease doing business in any calendar year, it must still pay tax on the earned surplus component for the period from January 1 of that year to the date it ceased business. A tax imposed in this fashion is, in my view, an income tax.

As I understand the majority, the Texas tax cannot be an income tax because it has both an income component and a capital contribution component, and the one, apparently for some unstated policy reason, cannot be

---

**10.** 671 S.W.2d 784, 785 (Mo. banc 1984).

**11.** *See e.g., Herschend,* 896 S.W.2d at 460 ("Tennessee has a separate corporate franchise tax.... It is difficult to fathom why there would be *two* corporate franchise taxes.... The critical distinction between an income tax and a franchise tax is that the former is imposed to compensate

the state for benefits already received, while the latter is imposed and payable in advance for the privilege of exercising the right to do business in the state in the future."); *Centerre Bank v. Director of Revenue,* 744 S.W.2d 754, 757 (Mo. banc 1988) (determining the character of a tax by its object, rather than by how it is calculated).

separated from the other. I see no reason, however, to deny the Missouri income tax credit for the portion of the Texas tax that is attributable solely to income. A similar situation was presented in *In Re: Baker,* 1990 WL 169491 (N.Y. Tax App. Trib.1990), in which the New York court, applying New York's counterpart to Missouri's § 143.081.1, RSMo 1994, was faced with a New Jersey "franchise" tax that had both income and net worth components. Noting that the label of the tax as a "franchise tax" was not conclusive, and relying on federal authorities interpreting IRC § 901(b), the comparable federal income tax law, the *Baker* court concluded:

> Where the foreign law imposes a tax that is the sum of two or more separately computed amounts (i.e. the New Jersey tax imposed here), then each component is tested to determine if it qualifies as an income tax. (Citations omitted)

*Id.* at 6. In the case at hand, the Texas tax should be treated no differently.

Under the facts of this case, I would hold that to the extent the Texas tax is attributable to federal taxable income, it is an income tax for which the taxpayer is entitled to a credit against Missouri state income tax.

For these reasons, I respectfully dissent.