IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Ron AVNI
and Jane Avni,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 990929E)

Henry C. Breithaupt, Stoel Rives LLP, Portland, argued the cause for Plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Plaintiffs rendered July 6, 2000.

### COYREEN R. WEIDNER, Magistrate.

Plaintiffs appeal Defendant's Conference Decision and Notices of Tax Assessment for tax years 1995 and 1996. Defendant denied Plaintiffs' claim that they are entitled to a credit for a franchise tax paid to the State of Texas by an S corporation of which Ron Avni (Avni) is a shareholder. The parties submitted the matter to the court on cross motions for summary judgment. Oral argument on the motions was held February 7, 2000. Henry C. Breithaupt, Attorney at Law, appeared on behalf of Plaintiffs. Jerry Bronner, Assistant Attorney General, appeared on behalf of Defendant. For ease of reference herein, the parties are referred to as "taxpayers" and "the department."

## STATEMENT OF FACTS

During tax years 1995 and 1996, taxpayers were residents of and domiciled in the State of Oregon. During that time, Avni was a shareholder of Aristo Research, Inc. (Aristo), which was incorporated under Texas laws. The parties stipulated that Aristo is an Oregon S corporation for purposes of ORS 316.082. During the subject years, Aristo incurred a liability for Texas's corporation franchise tax. On their 1995 and 1996 Oregon returns, taxpayers "added to income the amount of Texas franchise tax deducted on the Aristo returns and claimed that they were entitled to a credit under ORS 316.082." The department audited taxpayers' returns and concluded taxpayers were not entitled to the credit they had claimed for their pro rata share of the Texas franchise tax. Taxpayers objected to the adjustment and received a conference hearing. The conference officer concluded the department's adjustments were appropriate and ordered the deficiencies assessed. Taxpayers appeal the assessments.

## ISSUE

The parties have stipulated that the "sole issue in this case is whether, or to what extent, the Texas corporation franchise tax is an 'income tax' for which a credit may be claimed under ORS 316.082."

## ANALYSIS

ORS 316.082[1] provides a credit for taxes paid to another state. It provides, in pertinent part:

"(1)   A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual, or on an Oregon S corporation of which the individual is a member (to the extent of the pro rata share of the individual of the S corporation), for the taxable year by another state of the United States or the District of Columbia on income derived from sources therein and that is also subject to tax under this chapter.

"* * * * *

"(7)   For purposes of this section:

"* * * * *

"(b)   An excise tax that is measured by income of an Oregon S corporation is an income tax imposed on the Oregon S corporation.

"(8)   For purposes of subsection (7) of this section, an excise tax is 'measured by income' only if the statute imposing the excise tax provides that the base for the excise tax:

"(a)   Includes:

"(A)   Revenue from sales;

"(B)   Revenue from services rendered; and

"(C)   Income from investments; and

"(b)   Permits a deduction for the cost of goods sold and the cost of services rendered."

ORS 316.082.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1995.

The parties agree that the required elements set forth in subsection (8) amount to a corporation's federal taxable income.

Taxpayers claim they are entitled to a credit for the income portion of the franchise tax paid to the State of Texas by Aristo. The Texas statute imposing the franchise tax sets forth a two-part formula. It provides:

"(a)   The rates of the franchise tax are:

"(1)   0.25 percent per year of privilege period of net taxable capital; and

"(2)   4.5 percent of net taxable earned surplus.

"(b)   The amount of franchise tax on each corporation, except as provided in Subsection (d), is computed by adding the following:

"(1)   the amount calculated by applying the tax rate prescribed by Subsection (a)(1) to the corporation's net taxable capital; and

"(2)   the difference between:

"(A)   the amount calculated by applying the tax rate prescribed by Subsection (a)(2) to the corporation's net taxable earned surplus; and

"(B)   the amount determined under Subdivision (1).

"(c)   In making a computation under Subsection (b), an amount computed under Subsection (b)(1) or (b)(2) that is zero or less is computed as a zero.

"(d)   If the amount of tax computed under Subsection (b) for a corporation is less than $100, the corporation is not required to pay that amount and is not considered to owe any tax for that period."

Texas Tax Code Ann § 171.002.

The formula may be set forth as follows:

Tax = (.25% x net taxable capital) + ((4.5% x net taxable earned surplus) - (.25% x net taxable capital)).

The parties agree that "net taxable earned surplus" is essentially a corporation's federal taxable income. Taxpayers claim they are entitled to a credit for the tax paid under

the second part of the formula because it represents a tax paid on the corporation's income.[2]

■■    When interpreting a statute, the objective of the court is to determine the intent of the legislature. To determine whether the legislature intended to allow an income tax credit under ORS 316.082 for the income component of the Texas franchise tax, the court must examine both the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The text of the statute is the starting point in the analysis and is "the best evidence of the legislature's intent." *Id.* In evaluating the text, the court is guided by the principle that it should not "insert what has been omitted" or "omit what has been inserted." ORS 174.010.

■■    At its base, ORS 316.082(1) provides a credit for "the amount of any income tax imposed * * * on an Oregon S corporation of which the individual is a member * * * by another state * * * on income derived from sources therein." In *Keller v. Dept. of Rev.*, 319 Or 73, 872 P2d 414 (1994), the Oregon Supreme Court analyzed whether Washington's Business and Occupation Tax was a tax for which credit could be claimed under ORS 316.082. In doing so, the court emphasized that it is not the label of the other state's tax that controls whether a credit may be claimed but, instead, it is the "substance and practical effect of that tax." 319 Or at 76. If the other state's tax is, in effect, on the corporation's income, then a credit may be claimed under ORS 316.082. Looking to the substance of the tax furthers the legislature's intent of avoiding "double taxation on income received by Oregon taxpayers." *Id.*

ORS 316.082(7)(b) reflects the directive set forth in *Keller* by providing that an "excise tax that is measured by income of an Oregon S corporation is an income tax imposed on the Oregon S corporation." The statute goes on to clarify that an excise tax is:

---

[2] On their returns, taxpayers claimed a credit for their share of the entire tax paid. Taxpayers now agree they are entitled to a credit for only "so much of the Texas franchise tax as was computed based on the net income of the S corporation."

" 'measured by income,' **only if** the statute imposing the excise tax provides that the base for the excise tax:

"(a) **Includes:**

"(A)   Revenue from sales;

"(B)   Revenue from services rendered; and

"(C)   Income from investments; and

"(b)   Permits a deduction for the cost of goods sold and the cost of services rendered."

(Emphasis added.)

■       After reviewing the applicable statutes, the court concludes the legislature intended to allow a credit for the net taxable earned surplus component of the Texas franchise tax. ORS 316.082(8) clearly states that an excise tax is measured by income if it "includes" the components that make up federal taxable income. The statute does not contain limiting language by adding the word "solely" into the statute. As pointed out in *PGE*, "[t]he legislature knows how to include qualifying language in a statute when it wants to do so." *PGE*, 317 Or at 614. It did not do so here so the court must conclude that where an excise tax includes a tax on federal taxable income, a credit shall be allowed for that portion of the tax. That conclusion furthers the legislature's objective of avoiding double taxation on income.

The department argues the court should follow the Missouri Supreme Court's decision in *Brennan v. Director of Revenue*, 937 SW2d 210 (Mo 1997), where the court held the Missouri credit statute did not permit a credit for the income portion of the Texas franchise tax.[3] The court is not persuaded. In *Brennan*, the court concluded the income and capital portions of the Texas statute are inseparable and, as a result, the income component of the tax is not an income tax.

---

[3] Missouri's credit statute provides, in pertinent part:

"A resident individual * * * shall be allowed a credit against the tax otherwise due under sections 143.005 to 143.998 for the amount of any income tax imposed on him for the taxable year by another state of the United States * * * on income derived from sources therein and which is also subject to tax under sections 143.005 to 143.998."

Mo Rev Stat § 143.081(1).

*Id.* at 211. This court disagrees. The franchise tax has two distinct components and are separately calculated before adding them together. It is a simple calculation to determine the tax due under the earned surplus component of the tax. Of further concern is the *Brennan* court's reference that a franchise tax and an income tax are mutually exclusive. The court, in relevant part, stated:

> "In *King v. Procter & Gamble*, the Court issued a blanket rule that franchise taxes, however calculated, were not income taxes. The idea that franchise taxes and income taxes are mutually exclusive is implicit in that decision and in others dealing with the question."

*Id.* at 212 (footnote omitted).

That language is in direct contradiction with the Oregon Supreme Court's directive that it is the "substance and practical effect" of the tax and not its label that controls whether it is a tax imposed on income for which a credit may be claimed. *Keller*, 319 Or at 76-77.

The court is more persuaded by the decision of the Louisiana Court of Appeals in *Perez v. Secretary of the Louisiana Dept. of Revenue & Taxation*, 731 So 2d 406 (La 1999). In *Perez*, the court concluded that, to the extent the Texas tax is imposed on an income base, it is a net income tax for which a credit may be claimed under Louisiana's credit statute.[4] In reaching that conclusion, the *Perez* court noted that "in classifying a tax the operational and consequential effect of the tax must be given paramount consideration. * * * 'Ultimately, it is not what the tax is called that is important. The decisive element is how the tax operates.' " *Id.* at

---

[4] Louisiana's credit statute provides, in part:

"Subject to the following conditions, resident individuals shall be allowed a credit against the taxes imposed by this Chapter for net income taxes imposed by and paid to another state on income taxable under this Chapter; provided that -

"(1) the credit shall be allowed only for taxes paid to the other state on income which is taxable under its law irrespective of the residence or domicile of the recipient."

La Rev Stat Ann § 47:33.

408 (citations omitted). It further noted that "[i]t is undisputed that the label 'franchise tax' placed on [the Texas] legislation is not controlling when considering the issue of the classification of the tax." *Id.*

When determining whether a credit should be allowed, the court in *Perez* applied principles similar to those enunciated by the Oregon Supreme Court in *Keller*. As a consequence, this court finds the *Perez* decision to be more persuasive than the *Brennan* decision.[5]

## CONCLUSION

The court finds that the Texas franchise tax includes in its base the elements that make up federal taxable income and is, therefore, a tax that is measured by income of an Oregon S corporation. As a result, the court concludes that a taxpayer may claim a credit under ORS 316.082 for the tax paid under the earned surplus component of the Texas franchise tax. The court's conclusion is consistent with the statutory language, the Oregon Supreme Court's directive to look at the substance of the statute, and the legislature's intention of avoiding double taxation on income. Now, therefore;

IT IS THE DECISION OF THIS COURT that taxpayers' 1995 and 1996 tax liabilities shall be recalculated consistent with this Decision.

---

[5] The court would further note that the State of Wisconsin has specifically provided by administrative rule that a credit may be claimed for taxes paid under the Texas franchise tax to the extent the tax is based on net taxable earned surplus. WI St Tax Rep (CCH) ¶ 14-800 (Wisconsin Administrative Ruling December 15, 1997).