IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CHRIS STRIZVER | ) | |
| and SUSAN STRIZVER, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 110969D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appeal Defendant's Notice of Refund Denial, dated July 12, 2011, for the 2010

tax year. The parties filed cross-motions for summary judgment. There is no factual dispute.

This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs filed a nonresident Oregon state income tax return as residents of the state of

Washington for the 2010 tax year. (Def's Cross-Mot for Summ J at 1.) Plaintiffs' Oregon return

for 2010 deducted $3,170 in sales taxes paid as an itemized deduction. (*Id.*) When processing

Plaintiffs' return, Defendant added back the $3,170 sales tax paid deduction. (*Id.*)

Plaintiffs ask this court to repeal ORS 316.821[1] to allow a deduction for sales tax paid;

or, in the alternative, expand ORS 316.131 to include sales tax paid to another state, allowing

Plaintiffs to claim a credit for sales tax paid to Washington state. (Ptfs' Mot for Summ J at 1.)

Plaintiffs allege that ORS 316.821 is unlawful because it is in conflict with ORS 316.007,

stating in pertinent part, that "Oregon [income] tax law is to mirror federal [income] tax law."

(*Id*. at 2; Ptfs' Compl at 3.) Even though Plaintiffs admit that ORS 316.007 "is a policy

---

[1] All references to Oregon Revised Statutes (ORS) refer to 2009.

statement and does not bind Oregon to adhere 100% to the IRS provisions," they assert that that "the [Fourteenth] Amendment [to the U.S. Constitution] does require that any deviations be non-arbitrary and affect all taxpayers equally." (Ptfs' Mot for Summ J at 2.) Plaintiffs allege that ORS 316.821 denies "a subset of Oregon taxpayers" who have "paid a [Washington] state sales tax" to recognize their total sales tax deduction claimed on their federal income tax return. (*Id*.) Plaintiffs allege that this statute "targets a very specific subset of Oregon taxpayers that reside in states other than Oregon as only nonresidents will pay sales tax * * * significant enough to justify deducting [it] on their federal Schedule A form." (*Id*.) Plaintiff argues "while ORS 316.821 applies to all Oregon taxpayers that elect to deduct sales tax, it affects only nonresidents and arbitrarily denies them access to 100% of their valid federal deductions." (*Id.*) Plaintiffs claim that "[t]here is no other deduction that Oregon taxpayers are required to add back into their Oregon taxable income * * *." However, Plaintiffs acknowledge that Oregon taxpayers do have to add back Oregon state income tax claimed as a federal itemized deduction. (*Id*.)

Plaintiffs further assert that ORS 316.131 should be expanded to allow nonresidents to receive a credit for *sales* tax paid to the nonresident's home state, similar to the credit allowed by the statute for *income* tax paid the nonresident's home state. (*Id.* at 2-3.) Plaintiffs allege that "[t]he only valid justification for the Oregon Department of Revenue to deny a nonresident's sales tax deduction is that a state sales tax is equal to and on par with a state income tax." (*Id.* at 2.) Plaintiffs also alleged that because "a taxpayer's federal sales tax deduction can be determined directly from the taxpayer's income by use of the Optional State and Certain Local Sales Tax Tables on the Federal Schedule A form," state sales tax is related to income. (*Id*. at 3.) (Emphasis in original.)

/ / /

Defendant stated in its Cross-Motion for Summary Judgment that there are "no genuine issues of material fact," and Defendant is entitled to judgment as a matter of law. (Def's Cross-Mot for Summ J at 1.) Defendant alleges that Plaintiffs claimed an itemized sales tax deduction that is subject to being added back for the purposes of determining Oregon taxable income under ORS 316.821(2). (*Id*. at 2.) Defendant addressed Plaintiffs' concern that only Oregon taxpayers who have paid state sales tax are affected by ORS 316.821 by pointing out that ORS 316.695(1)(d)-(A) does not allow Oregon taxpayers that include state income tax as an itemized deduction on their federal taxes to use that same deduction on their Oregon taxes. (*Id*.)

In response, Plaintiffs argue that because both state sales tax and state income tax taken as a deduction when calculating federal taxable income must be added back when calculating Oregon taxable income, either income tax or sales tax paid to nonresident's home state should be allowed as a credit toward Oregon taxes. (Ptf's Resp to Cross-Mot for Summ J at 1-2.) Plaintiffs claimed Defendant treats sales tax and state income tax the same by adding both to state taxable income but treats the taxes differently when one of the taxes could reduce a taxpayer's taxable income, allowing a credit for income taxes paid to another state but offering no comparable credit for sale tax paid to another state. (*Id*. at 2.)

## II. ANALYSIS

As this court has previously noted, "[t]he Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, *subject to adjustments and modifications specified by Oregon law*. ORS 316.007." *Ellison v. Dept. of Rev*., TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005)(emphasis added). Thus, contrary to Plaintiffs' assertion, Oregon tax law is not required by statute to mirror federal income tax law. (*See* Ptfs' Mot for Summ J at 2.)

Nonetheless, Oregon adopted the federal definition for deductions, including those allowed under Internal Revenue Code (IRC) section 164(b)(5)(A):[2]

> "Election to deduct State and local sales taxes in lieu of State and local income taxes. At the election of the taxpayer for the taxable year, subsection (a) shall be applied—
>
>> "(i) without regard to the reference to State and local income taxes, and
>>
>> "(ii) as if State and local general sales taxes were referred to in a paragraph thereof."

In 2005, the Oregon legislature modified the application of IRC section 164(b)(5)(A) for state income tax purposes when it passed Senate Bill 31, which included an add-back provision: "A taxpayer that elects to deduct state and local sales taxes under section 164(b)(5) of the Internal Revenue Code for federal tax purposes shall add the amount deducted to federal taxable income for purposes of the tax imposed by this chapter." ORS 316.821(2). Because Oregon is not required by statute to mirror federal income tax law, the legislature could enact such a law.

Plaintiffs allege that Oregon law violates their Fourteenth Amendment rights. (Ptfs' Mot for Summ J at 2.) Plaintiffs allege that they are part of a subset of Oregon taxpayers treated differently based on residency. (*Id.*) All Oregon taxpayers are treated the same. Oregon taxpayers may take either a deduction for state sales tax paid or a deduction for state income tax paid to reduce their federal taxable income. *See* IRC 164(a); 164(b)(5)(a). If an Oregon taxpayer reduces his federal taxable income by the amount of state sales tax paid, the taxpayer is required to add back the amount of the deduction claimed when determining Oregon taxable income as stated in ORS 316.821(2). If an Oregon taxpayer reduces his federal taxable income by the

/ / /

/ / /

---

[2] All references to the IRC are to the 1986 code and include updates applicable to 2010.

amount of state income tax paid, the taxpayer is required to add back the amount of the deduction claimed when determining Oregon taxable income as stated in ORS 16.695(1)(d)(A).[3]

When computing Oregon taxable income, an Oregon taxpayer's status as a resident or nonresident is not a factor in allowing or disallowing sales or income tax paid to reduce federal taxable income. The fact that Plaintiffs live in Washington State and are subject to Washington's sales tax when they make purchases in that state does not invalidate Oregon's income tax requirements. *See Dept. of Rev. v. Hughes*, 15 OTC 316, 321 (2001)(explaining that taxes in one state do not make a different type of tax in another state unfair). Thus, because ORS 316.821 does not discriminate, the court does not find that ORS 316.821 is unconstitutional. Plaintiffs have not set forth any other legal basis for granting their request to repeal ORS 316.821.

Plaintiffs allege "that a state sales tax is directly related to income just as an income tax is." (Ptfs' Mot for Summ J at 3.) Plaintiffs allege that the credit toward Oregon income tax due allowed to nonresident Oregon taxpayers who pay income tax in their home state should also apply to nonresidents to who pay sales tax in their home state. (*Id.*) Plaintiffs ask this court to expand ORS 316.131 allow a credit for sales tax paid to another state as well as income tax paid to another state. (*Id.* at 1.) The court must review the statute as written. ORS 174.010 provides in pertinent part:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

/ / /

---

[3] ORS 316.695(1)(d)(A) states in pertinent part that, when computing Oregon state taxable income, a taxpayer's itemized deductions claimed on his federal income tax return is reduced by the amount of "the deduction for Oregon income tax."

In addition to this statutory direction, the court is governed by precedent set by the Oregon Supreme Court which indicates that the judge must first look to the text and context of the statute. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993). Words of common usage are to be given their plain, natural, and obvious meaning. *Perez v. State Farm Mutual Ins. Co. (Perez),* 289 Or 295, 299, 613 P2d 32 (1980).

ORS 316.131(1) provides:

> "A nonresident shall be allowed a credit against the taxes otherwise due under this chapter for *income* taxes imposed by and paid to the state of residence (not including any preference, alternative or minimum tax) on income taxable under this chapter * * *."

(Emphasis added). An income tax is a tax imposed on income. *See* ORS 316.037(1)(a) (describing Oregon's personal income tax as a tax imposed on income). An income tax is distinguishable from a sales tax, which is levied on the consumption of commodities within the taxing jurisdiction. *See Keller v. Dept. of Rev.* 319 Or 73, 76, 872 P2d 414 (1994) (noting that incomes taxes are distinguishable from other forms of taxes). A sales tax is not an income tax, therefore the statute on its face, does not apply to income tax. The court may not "insert what has been omitted" by including "sales tax'" as an exception to the statute. The statute is not ambiguous or subject to alternative interpretation, and therefore must be accorded its plain and obvious meaning. *Perez*, 289 Or at 299. The court may not expand ORS 316.131(1) to include sales tax when a plain reading of the statue does not include or imply that a nonresident may credit sales tax paid to their state of residence against income tax imposed by Oregon.

## III. CONCLUSION

After careful review of the pleadings, Plaintiffs are not entitled to claim a deduction for sales tax paid to Washington state in determining their Oregon taxable income. The court

concludes that Oregon's income tax laws do not discriminate against Plaintiffs based on their status as nonresidents, and the court does not have the authority to insert "sales tax" in the plain language of ORS 316.131(1). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.

Dated this ____ day of March 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on March 21, 2012. The Court filed and entered this document on March 21, 2012.*