Argued and submitted October 31, 1994, decision of the Tax Court vacated and case remanded to the Tax Court with instructions March 9, 1995

John D. MORRIS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3435; SC S41275)

889 P2d 1294

Carl N. Byers, Judge.

John Eric Wilkes, of Callaghan & Wilkes, Salem, argued the cause and filed a reply brief for appellant. John D. Morris, appellant, filed the opening brief *pro se*.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Theodore R. Kulongoski, Attorney General, Salem.

CARSON, C. J.

## CARSON, C. J.

This case comes before us on direct appeal of a Tax Court judgment sustaining an assessment of personal income taxes, penalties, and interest by the Department of Revenue (the department) against plaintiff for the 1985 tax year. Plaintiff argues that he was not an Oregon resident in 1985 and that, consequently, he is not required to pay Oregon income tax for that year. The department responds that plaintiff's argument was one that he first had to make before the director of the department, that he did not do so, and that the failure to do so forecloses plaintiff from making that argument now. For the reasons that follow, we agree with the department.

Plaintiff did not file an Oregon tax return for the 1985 tax year. He did, however, file a timely federal tax return for 1985, showing an Oregon address. The Internal Revenue Service (IRS) notified the department that plaintiff had filed a federal return with an Oregon address. In December 1988, and in January 1989, the department sent plaintiff letters informing him that the department had not received a 1985 tax return and asking him to file a return. In March 1989, the department sent plaintiff another letter demanding that he file a return within 30 days. Plaintiff did not respond to any of the letters. In July 1989, the department mailed a Notice of Determination and Assessment to plaintiff.[1] The envelope was returned to the department, marked "Attempted — Not Known." Plaintiff again did not respond to the department. All three letters and the notice of determination and assessment were sent to an address in St. Helens, Oregon, which was provided by the IRS and was confirmed by the department by checking the records of the Motor Vehicles Division (MVD).

In August 1990, plaintiff communicated with the department about the 1985 assessment, for the purpose of removing a tax lien arising from the unpaid assessment. In April 1991, plaintiff requested an appeal of the assessment before the director of the department. The director granted plaintiff a hearing but, after the hearing, concluded that he

---

[1] This notice advised plaintiff that the department had assessed taxes, penalties, and interest against him for the 1985 tax year.

would not disturb the final assessment because plaintiff had not appealed from the notice of determination and assessment within 90 days, as required by statute. ORS 305.280(2)[2] ("An appeal * * * from any notice of assessment * * * shall be filed within 90 days from the date of the notice."). The director also determined that plaintiff was not entitled to relief under ORS 305.295,[3] because he was an Oregon resident in 1985, and the State of Oregon may tax all the income of its residents under the Oregon Constitution and federal law. *See, e.g., Keller v. Dept. of Rev.*, 319 Or 73, 78, 872 P2d 414 (1994) ("The state's taxing authority extends to all of the income earned by its residents, including income earned outside the state."). The director of the department dismissed the appeal and concluded that plaintiff owed $4,863.68 (plus accruing interest) in income taxes, penalties, and interest.

Plaintiff then filed a complaint in the Tax Court, arguing that he had not been an Oregon resident during the 1985 tax year and, therefore, that he was not subject to Oregon income taxation for that year. The Tax Court concluded that plaintiff had been an Oregon resident during the 1985 tax year and sustained the director's order and opinion.

Plaintiff seeks direct review in this court, again arguing that he was not a resident of Oregon during the 1985 tax year and, thus, that he was not subject to personal income taxation for that year. In response, the department argues, among other things, that the Tax Court and this court do not have a basis upon which to address the merits of plaintiff's appeal because an assessment of income taxes by the department becomes final if it is not appealed to the director within 90 days and because plaintiff failed to pursue, and to exhaust, his administrative remedies in a timely manner.

---

[2] The statutes in effect in 1989, the year in which the taxes were assessed, control this case. Because there have been no pertinent changes in the code since that time, we cite to the 1993 version of the statutes throughout this opinion.

[3] ORS 305.295(1) provides, in part:

"[T]he Department of Revenue may in its discretion, cancel any tax, penalty or interest for which an assessment has become final, if any of the following conditions exist:

"(a) The assessment is based upon an asserted tax deficiency calculated upon income that the state is expressly prohibited from taxing under the Oregon Constitution or the laws of the United States."

Before we turn to the merits of plaintiff's argument, we must decide whether the Tax Court had a basis upon which to hear this appeal. ORS 305.275(4) provides, in part: "[N]o person shall appeal to the Oregon Tax Court * * * on any matter arising under the revenue and tax laws administered by the department *unless the person first exhausts the administrative remedies provided before the department and the director.*" (Emphasis added.)

ORS 305.275(1) provides that any person aggrieved by an act of the department "may appeal to the Director of the Department of Revenue in the manner provided by this section." As stated above, ORS 305.280(2) requires that an appeal to the director of the department from a notice of determination and assessment "shall be filed within 90 days from the date of the notice."

■ In order to exhaust administrative remedies sufficient to satisfy ORS 305.275(4), a taxpayer must pursue the available administrative remedies in a timely manner. *See, e.g., Ebert v. Dept. of Rev.*, 307 Or 649, 652-53, 771 P2d 1018 (1989) (holding that Tax Court did not have a statutory basis upon which to hear a challenge of an assessment of income tax because plaintiff failed to challenge the assessment before the department within 90 days). ORS 305.265(11) provides that "[m]ailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." Once notice is given, the 90-day appeal period begins to run. ORS 305.280(2). Plaintiff argues that, because the department did not send the notice of determination and assessment to his "last-known address," the department did not provide notice of determination and assessment as required by the statute and, therefore, that plaintiff was not untimely in challenging the assessment.

■ We disagree. Although this court heretofore has not interpreted the meaning of "last-known address," we conclude that the department satisfied its obligation to provide notice under ORS 305.265(11).[4] "Last-known address" ordinarily refers to the address provided on the last Oregon

---

[4] In 1992, the department promulgated a rule that instructs the department how to determine a taxpayer's "last-known address." *See* OAR 150-305.265(11) (setting forth procedure for ascertaining a taxpayer's last-known address).

income tax return filed by the taxpayer. *Cf. United States v. Zolla*, 724 F2d 808, 810 (9th Cir), *cert den* 469 US 830 (1984) (under Internal Revenue Code, last-known address is the one on the most recent tax return unless taxpayer gives clear and concise notice of a change of address); *Eshweiler v. U.S.*, 946 F2d 45, 48 (7th Cir 1991) (under Internal Revenue Code, last-known address is the one on the return being audited unless taxpayer gives "clear and concise" notification of a change).[5]

However, the "last-known address" changes if the department has actual notice that the taxpayer's address has changed. Once the department has such notice, it is required to use reasonable diligence in ascertaining the taxpayer's last-known address. *Cf. Eshweiler v. U.S., supra*, 946 F2d at 48 ("The IRS need only exercise reasonable diligence in attempting to discover the taxpayer's last known address.").

■  In this case, plaintiff's last Oregon tax return was filed in 1981. The department, on its own, determined that that address was too old to use as the last-known address. In October 1988, after the IRS notified the department that plaintiff had filed a return with an Oregon address, the department requested a "federal transcript," which provided the department with the information from plaintiff's 1987 federal tax return. Plaintiff's 1987 return showed a St. Helens address.

The department sent the three preliminary letters to that address. The department received no notice that those letters were undeliverable at that address. In May 1989, the department obtained a MVD computer printout, which showed the same St. Helens address. Plaintiff had an obligation to notify the MVD of any change of address. *See* ORS 807.560 (it is a Class D infraction to fail to notify the MVD within 30 days of a change of address from the address noted on a driver license).

■  Based on the foregoing information, the department concluded that the St. Helens address was the last-known address and, on July 12, 1989, sent the notice of determination and assessment to that address. As previously observed, that letter was returned, marked "Attempted — Not

---

[5] Federal tax law does not control the tax law of Oregon. We cite federal cases only when we find them persuasive.

Known." Plaintiff argues that the department was obligated to continue looking for his new address at that point. We disagree. The last-known address is determined at the time when the notice of determination and assessment is sent. *Cf. Armstrong v. CIR*, 15 F3d 970, 975 (10th Cir 1994) ("We agree with the Fifth, Seventh, and Ninth Circuits, as well as the [United States] Tax Court, that the IRS's duty to exercise reasonable diligence in ascertaining a taxpayer's last known address extends only to the point in time when the deficiency notice is mailed.").

We conclude that the department exercised reasonable diligence in determining that the St. Helens address provided by the IRS and confirmed by the MVD was plaintiff's last-known address. Thus, the department gave notice of the assessment, as required by ORS 305.265(11), on July 12, 1989. Accordingly, plaintiff was required to appeal the assessment to the director within 90 days from that date. Plaintiff did not appeal within the statutorily required time. His appeal to the director was not timely under ORS 305.280(2).

Plaintiff argues, in the alternative, that his appeal was not an appeal of the assessment, but rather an appeal from a denial of a claim for a refund under ORS 305.270 (governing claims for refunds). ORS 314.415(1)(b) provides that "[n]o refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid." Plaintiff argues that he challenged the denial of a refund within two years and, therefore, that he made a timely claim and exhausted his administrative remedies.

■ That argument is unpersuasive. As this court held in *Van Tran v. Dept. of Rev.*, 320 Or 170, 174, 880 P2d 924 (1994), *cert den* ___ US ___, 115 S Ct 1112, 130 L Ed 2d 1077 (1995), a taxpayer may not fail to appeal an assessment within the appointed time and then later seek a refund, arguing that the basis for the assessment was improper.[6] The

---

[6] In fact, plaintiff's argument in this case is even farther afield than the argument made by the taxpayer in *Van Tran*. In *Van Tran*, the taxpayer paid the money due pursuant to the assessment before claiming a refund. *Van Tran v. Dept. of Rev.*, 320 Or 170, 174, 880 P2d 924 (1994), *cert den* ___ US ___, 115 S Ct 1112, 130 L Ed 2d 1077 (1995). In this case, plaintiff argues that, even though he did not pay any taxes pursuant to the assessment, he was granted a hardship exception under

taxpayer is required to challenge the assessment within 90 days or the assessment becomes *final*. ORS 305.265(14) and 305.280(2). Plaintiff did not challenge the assessment within 90 days; therefore, he failed to exhaust his administrative remedies, and the Tax Court had no basis upon which to address the merits of plaintiff's appeal. ORS 305.275(4).

One further issue deserves mention. Plaintiff argued before the director of the department that the department did not have *jurisdiction* to tax him because he was not a resident of Oregon. The director treated that argument as an appeal of the department's denial of a request to cancel a tax pursuant to ORS 305.295(1). That statute provides, in part:

"(1)   Notwithstanding ORS 305.265(14), the Department of Revenue may in its discretion, cancel any tax, penalty or interest for which an assessment has become final, if any of the following conditions exist:

"(a)   The assessment is based upon an asserted tax deficiency calculated upon income that the state is expressly prohibited from taxing under the Oregon Constitution or the laws of the United States.

"* * * * *

"(6)   A taxpayer may appeal denial of a request for cancellation of assessment or refund to the director. The decision of the director is final and may not be appealed."

The director considered plaintiff's argument that the department did not have jurisdiction to tax him and concluded that plaintiff was an Oregon resident, giving the department the authority to tax him. Plaintiff is not entitled to review of that decision either in the Tax Court or in this court. ORS 305.295(6).

Plaintiff is not excused from the requirement that he exhaust his administrative remedies, nor did he exhaust those remedies; therefore, under Oregon statutory law, the Tax Court had no basis upon which to address plaintiff's claim on the merits.

The decision of the Tax Court is vacated. The case is remanded to the Tax Court with instructions to dismiss the proceeding.

---

ORS 305.419(3) by the Tax Court that extends to an appeal of a denial of refund as well as to a challenge of an assessment. Based on that leap of logic, plaintiff claims that he may file for a tax refund *before* he pays any of the assessed taxes. We do not find that argument persuasive. ·