Argued and submitted January 6, reversed and remanded October 7, 1998, petition for review denied March 23, 1999 (328 Or _____ )

## U.S. WEST PROPERTIES, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## AOI COMPWISE
## WORKER'S COMPENSATION PROGRAM
and JBL&K Marketing, Inc.,
an Oregon corporation,
*Respondent,*

*and*

## SAIF CORPORATION,
an Oregon corporation,
*Appellant.*

(9411-07939; CA A93628)

965 P2d 467

John T. Bagg, Assistant Attorney General, argued the cause for appellant. With him on the opening brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Montgomery W. Cobb argued the cause for respondent U.S. West Properties, Inc. With him on the brief was Cobb and Woodworth, LLP.

Paul Duden argued the cause for respondent AOI Compwise. With him on the brief were Michael J. Gentry and Tooze Duden Creamer Frank & Hutchison.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., dissenting.

**EDMONDS, J.**

In this action for breach of an insurance contract for failing to maintain plaintiff's workers' compensation insurance in effect and for declaratory relief, SAIF appeals from a judgment by the trial court that plaintiff's workers' compensation insurance policy was not effectively canceled. SAIF argues that the trial court erred in finding that the policy remained in force in light of a notice of cancellation that it mailed. We reverse.

Plaintiff is an employer subject to the Oregon Workers' Compensation Law. ORS 656.023. AOI is a workers' compensation marketing entity, underwritten by SAIF and administered by JBL&K Marketing, Inc. In May 1992, plaintiff obtained a workers' compensation insurance policy through AOI. The policy was for a one-year period. With regard to cancellation, the policy provides:

> "2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice."

In addition, the insurance policy folder that was furnished to plaintiff included a "Business Change Form." The information on the front cover of the folder instructed plaintiff to send the Business Change Form to AOI in the event that plaintiff added a new location. The location of plaintiff's business was listed on Item 1 of the Information Page as SE 31st Street, Milwaukie, Oregon.

In September 1992, plaintiff changed the location of its business. Its president sent a change of address card to the post office, but it did not report the change of location to AOI. In December 1992, plaintiff's president telephoned AOI. He asked general questions about the policy, payments due and requirements regarding payroll reports. He mentioned that plaintiff had changed its location and that he would be sending in the address of the new location along with his next premium payment. AOI received a premium payment on December 11, 1992, but has no record that it received a change of

address notification with the payment. Premium checks are routed to and handled by AOI's accounting department.

The next contact that plaintiff had with AOI was on February 24, 1993, when its president talked with another representative of AOI. According to that representative, no mention was made of the change in location of plaintiff's business. In March 1993, plaintiff renewed its policy by paying an annual premium. In early May 1993, AOI sent forms for payroll reports to plaintiff. Under the policy, plaintiff was obligated to complete and return the reports. The reports were mailed to the SE 31st Street address in Milwaukie. The post office returned the mailing as undeliverable. On May 17, 1993, AOI made a follow-up telephone call to the only telephone number that it had for plaintiff and learned that the telephone number had been disconnected. Shortly thereafter, AOI mailed a letter to plaintiff notifying it that the payroll reports had not been completed and returned. That letter was also returned as undeliverable. A representative of AOI made another follow-up telephone call to the only telephone number that it had for plaintiff and learned that plaintiff's telephone number had been disconnected and that there was no new telephone number or listing. The representative also tried to locate a new telephone number in the phone book but was unsuccessful. On July 14, 1993, AOI mailed a notice of cancellation notice of the policy to plaintiff, the cancellation being effective as of August 17, 1993. The notice was sent to the Milwaukie address.

On August 24, 1993, plaintiff's president again telephoned AOI and talked with AOI's representative. He told the representative that plaintiff had a new address and phone number and gave that information to the representative. The representative testified that her practice was to inform customers of the status of their policies. Thus, she believes that she informed plaintiff that its insurance policy had been canceled on August 18, 1993, because of the failure to file payroll records, but she could not recall whether she did so and her notes do not indicate that she did. According to the representative, plaintiff's president did not represent that he had earlier reported a change of business location to AOI.

On December 21, 1993, plaintiff's president again called AOI and talked with its representative. By that time, according to plaintiff's president, one of U.S. West's employees had been injured and had filed a workers' compensation claim. Plaintiff's president testified that he had been told by AOI that the claim had been denied and that he then called to inquire as to the reason for the denial. AOI informed him that the policy had been canceled due to the failure of plaintiff to file the required payroll reports. AOI's representative testified that plaintiff's president said that he had thought he sent a mailing address change to AOI. The representative checked her computer records and determined that the only address that AOI had on file was the original address in Milwaukie. The representative also checked its file, where a copy of plaintiff's policy was maintained, and found no letter or any indication of any business location change. The representative also testified that plaintiff's president told her that he would check his files and report back to her, but she never heard from him after that conversation. Plaintiff's complaint in this action was filed in November 1994.

In his testimony, plaintiff's president recalled three different conversations with AOI representatives, and he said that he had supplied a new address for plaintiff. He also claimed to have sent a change of address letter to AOI in March 1993. He produced a copy of a letter that he said he had sent to AOI in December 1993. The December letter stated that "our address changed in 1993." He testified that the representation in the letter that plaintiff's location changed in 1993 was a typographical error.

The issue of when plaintiff gave notice to AOI of the change of address of its business was tried to the trial court. The trial court ruled that the policy had been ineffectively canceled and was still in effect at the time of the workers' compensation injury. The court reasoned that, because AOI had received a check for the premium on March 30, 1993, which had plaintiff's new address on it, AOI had legal notice of plaintiff's new address.[1] The trial court entered judgment

---

[1] The court explained:

"It seems to me that as early as December 8th, '92, AOI was aware that [plaintiff's president] had changed his business address. There's an entry on

declaring the policy of insurance in full force and effect; the trial court ordered SAIF to file a guarantee contract with the state of Oregon on plaintiff's behalf, to be effective for a period including the time during which the workers' compensation claim had been made and awarded plaintiff attorney fees.

On appeal, SAIF makes several assignments of error, including the argument that the trial court erred in finding that the policy remained in force. SAIF argues that the trial court erred as a matter of law when it determined that AOI had not effectively canceled the insurance policy. Specifically, it asserts:

> "Rather, the trial court based its conclusion that the policy remained in force on a relatively limited set of facts: (1) that AOI was aware that [plaintiff's president] had changed his business address; (2) that the check submitted for payment of the policy (and received by AOI) included the new address printed on it; (3) that a payroll report submitted to the old address was returned as undeliverable on a non-working address; and (4) that AOI sent the cancellation notification without any refund to the same non-working address."

---

Exhibit 106 that says 'Will send in address change with payment.' Presumably the payment came, and perhaps the address change did not come, but we do know that from the post office record he changed his address on the 30th, two and a half months before, or two months plus before this 12-8-92 date. If he gets, which I have to assume that he did, the mailing that preceded his submission of a new check in the exact amount of the refigured renewal of the policy, we don't know when that was sent because it's undated from AOI.

"But as a response to that, he did send in a check on March 29th, which they show receiving March 30th on the back of the check, in the exact amount of the next year's premium, '93 to '94. And while he claims that he sent in an address change at the same time, which as I said may be suspect, at least the check itself had a new address on it, and the processor at AOI was aware that there would be a new address because she was told that.

"* * * * *

"So I'm finding that irrespective of [plaintiff's president's] testimony and his dated letters, which we all have some suspicions about, including the date of the claim—he said he contacted them on the 22nd of December when they got the letter on the 23rd, things we talked about at trial last week—nevertheless, I'm going to determine that the insurance company did not effectively cancel his policy, and at the time that this claim was made, it should have been honored, providing he makes the payments and submits the payroll report and any other appropriate conditions that are required prior to the payment or investigation, at least the claim for payment."

SAIF concludes that the facts, as found, do not support the legal conclusion that the policy remained in force.

 ORS 656.427 governs the termination of a guaranty contract or surety bond liability by a workers' compensation insurer. Specifically, ORS 656.427(3) provides, in part:

"Notice * * * shall be given by mail, addressed to the employer at the last-known address of the employer. If the employer is a partnership, notice may be given to any of the partners. If the employer is a limited liability company, notice may be given to any manager, or in a member managed limited liability company, to any of the members. If the employer is a corporation, notice may be given to any agent or officer of the corporation under whom legal process may be served."

Insurance policies are contractual in nature and are construed as ordinary business contracts. Their interpretation is a question of law and, in interpreting the meaning of a policy, our "goal is to ascertain the intent of the parties, based on the terms and conditions of the policy." *St. Paul Fire v. McCormick & Baxter Creosoting*, 324 Or 184, 192, 923 P2d 1200 (1996). However, when a provision of an insurance contract is regulated by statute, the intent of the legislature rather than the intent of the parties to the contract controls. *Windsor Ins. Co. v. Judd*, 321 Or 379, 384, 898 P2d 761 (1995). Thus, ORS 656.427(3) must be read with the provisions of the policy to determine the obligations under both.

██ ██ The first sentence of ORS 656.427(3) imposes the requirement that a notice of cancellation be sent to the last known location of the employer. The rest of the statute provides to whom the notice must be sent at that location, depending on the nature of the business entity. The statute does not prescribe the manner in which the last known address will be ascertained, and it does not preclude parties to an insurance agreement from agreeing on how notice of cancellation will be given. Presumably, the legislature has left that issue to the individual parties to each policy. The statute requires only that notice be given to the "last-known address of the employer." We conclude that there is no conflict between the language of the statute and the terms of the policy in this case unless AOI knew or had constructive

knowledge of plaintiff's new address, but instead, relied on the address listed in the policy.

We do not discern from the trial court's ruling any finding that a representative of AOI who was charged with the responsibility of issuing the notice of the cancellation was actually aware of plaintiff's new address or had information that should have made AOI aware of plaintiff's new address. Apparently, the trial court was suspicious of plaintiff's testimony that it had furnished its new address to AOI. Rather, it based its ruling on AOI's information that plaintiff had changed the location of its business from Milwaukie, that AOI's mailings were returned when sent to that address and the fact that plaintiff's check for the annual premium was submitted to AOI with the new address on it. The trial court concluded from these facts that AOI should have investigated further to discover plaintiff's new address.[2] However, neither the policy nor the statute imposes such a duty. The statute requires the notice to be sent to the "last known" address. There is nothing in the language of the statute that requires an insurer to undertake the affirmative duty of discovering a new address that has not been furnished by the insured. When the language of the statute is considered with the provisions of the policy, the combined effect is that the address to which a notice of cancellation is to be sent will be determined by reference to the Information Page of the policy. Thus, the burden is on the insured to keep the insurer informed of the insured's address.

Moreover, submitting a check with a new address on it to the accounting department of an insurer for payment of a premium does not provide, in and of itself, reasonable notice of a new address to a representative of the insurer who is authorized to make the change in the policy. That is particularly apparent when the policy instructs the insured to provide its actual address. AOI, as a party to the policy, was entitled to rely on the change of address provisions of the policy

---

[2] In fact, AOI's representative testified that she tried to contact plaintiff by calling the telephone number that plaintiff had given. She learned that plaintiff's telephone had been disconnected. She then tried to locate a new telephone number for plaintiff, but no number was listed in the directory.

unless reasonably put on notice in another manner of plaintiff's new address. To add the additional requirement under the statute that an insurer has an affirmative obligation to conduct an investigation to learn of a new address, as the dissent suggests, is in contravention of ORS 174.010.[3] It would add language to the statute that the legislature did not enact.

In sum, we agree with SAIF's argument that the facts as relied on by the trial court do not support the legal conclusion that the cancellation is ineffective. On remand, the trial court must determine whether the change of address claimed to be given was actually given and whether, if given, substantially complied with the change of address requirements of the statute and the policy.

Reversed and remanded.

**ARMSTRONG, J.,** dissenting.

The majority concludes that the evidence is insufficient to support a finding that defendant AOI had actual notice of plaintiff's new address and, therefore, that the address to which AOI sent the notice of cancellation was the "last known address" referred to in ORS 656.427(3).[1] Because

---

[3] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

[1] ORS 656.427 provides:

"(1) An insurer that issues a guaranty contract or a surety bond to an employer under this chapter may terminate liability on its contract or bond, as the case may be, by giving the employer and the director written notice of termination. A notice of termination shall state the effective date and hour of termination.

"(2) An insurer may terminate liability under this section as follows:

"(a) If the termination is for reasons other than those set forth in paragraph (b) of this subsection, it is effective at 12 midnight not less than 30 days after the date the notice is received by the director.

"(b) If the termination is based on the insurer's decision not to offer insurance to employers within a specific premium category, it is effective not sooner than 90 days after the date the notice is received by the director.

"(3) Notice under this section shall be given by mail, *addressed to the employer at the last-known address of the employer.* If the employer is a partnership, notice may be given to any of the partners. If the employer is a limited liability company, notice may be given to any manager, or in a member managed limited liability company, to any of the members. If the employer is a

I conclude that the statutory phrase "last known address" incorporates a duty of reasonable diligence to determine plaintiff's new address before sending the notice of cancellation, I dissent.

We have not had occasion to construe ORS 656.427(3). The pertinent language of the statute reads: "Notice under this section shall be given by mail, *addressed to the employer at the last-known address of the employer*." (Emphasis added.) Under the terms of the parties' contract for insurance, a mailing to the "address shown in item 1 on the Information Page" is sufficient notice of cancellation. The trial court held that, where defendants had actual notice that the address on the Information Page was incorrect, a mailing to that address could not satisfy the notice requirements of ORS 656.427(3), even though it may have satisfied the policy requirements. The court reasoned:

> "* * * [Plaintiff] did send in a check on March 29th, which [AOI] show[s] receiving March 30th on the back of the check, in the exact amount of the next year's premium. * * * [A]t least the check itself had a new address on it, and the processor at AOI was aware that there would be a new address because she was told that.
>
> "Then a payroll report is submitted to the old address and returned by the post office as undeliverable on a non-working address, and even with that information, the next communication from AOI is to the same stale and not working address[.]
>
> "I believe that the policy was ineffectively canceled. I believe the agency should have done more to ascertain where they ought to be mailing their materials, particularly their cancellation notice when they already know the address is no good."

In response to defendants' retort that they had done all that was required under the policy by sending the cancellation to the address listed in the policy, the court stated:

> "I find it facile, frankly, to send a cancellation notice to an address that the party knows is no good and then say,

corporation, notice may be given to any agent or officer of the corporation under whom legal process may be served."
(Emphasis added.)

well, that's all we had, that we're just fulfilling our duties under the contract, we don't have any more obligation other than what it says no matter what we know about the quality of the address."

Defendants argue, and the majority appears to agree, that, without clear notice from plaintiff that its address had changed and that the address on the premium payment check should be noted as the new and correct address, it was unreasonable for the trial court to hold that AOI should have changed its records accordingly. Because the SE 31st Street address was the last address AOI had on file, and because the contract stated that the address on the policy's Information Page was the address to which notice of cancellation would be sent, the majority concludes that the cancellation notice was effective. The majority further concludes that the contractual language is consistent with the statutory requirement that notice be sent to employer's "last-known address." I disagree.

This case is similar in many respects to *Morris v. Dept. of Rev.*, 320 Or 579, 889 P2d 1294 (1995), in which the Supreme Court construed the phrase "last-known address" in ORS 305.265(11). Under that provision, the 90-day period for appeals to the Department of Revenue from a determination and assessment notice begins to run when notice has been mailed "to the person at the person's last-known address." The court held that, once the department had actual notice that plaintiff's address had *changed*, the last-known address was no longer the address the department had on file, but, rather, the new address, even if the department did not yet have actual notice of the new address:

> " 'Last known address' ordinarily refers to the address provided on the last Oregon income tax return filed by the taxpayer. * * * *However, the 'last-known address' changes if the department has actual notice that the taxpayer's address has changed. Once the department has such notice, it is required to use reasonable diligence in ascertaining the taxpayer's last-known address.*"

*Id.* at 583-84 (citations omitted; emphasis added). In that case, the court found that the department had exercised

reasonable diligence by contacting the Motor Vehicles Division for plaintiff's address after the department had been notified of the address change by the Internal Revenue Service. *Id.* at 584.

I am persuaded that the notice provision of ORS 656.427(3) is sufficiently similar to that of ORS 305.265(11) to apply the Supreme Court's analysis in *Morris* to this case. The trial court found that AOI made no real attempt to ascertain plaintiff's correct address, even though three separate mailings had been returned to AOI as undeliverable. Applying the reasonable diligence standard from *Morris*, I conclude that the trial court did not err in holding that the cancellation was ineffective.

For the reasons given, I dissent.