IN THE OREGON TAX COURT
REGULAR DIVISION

Tammy SLACK DURMAZ,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4681)

Tammy Slack Durmaz, Plaintiff (taxpayer) argued the cause *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered on December 14, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court on Defendant's (the department) motion to dismiss for failure to file a timely appeal in the Magistrate Division and on Plaintiff's (taxpayer) motion to stay payment of income tax.

## II. FACTS

On February 14, 2003, the department mailed a Notice of Liability (NOL) to taxpayer. The NOL was sent to taxpayer's address as indicated on her 2001 personal income tax return that taxpayer filed with the state. Taxpayer did not receive the NOL until March 21, 2003, because she had moved to a different address. The state subsequently updated taxpayer's address on April 1, 2003, when the department processed taxpayer's 2002 personal income tax return.

On April 17, 2003, taxpayer had a conversation with a department employee who informed taxpayer of her right of appeal. Although taxpayer intended to submit an appeal to the court in advance of the deadline, she was delayed by a family illness. Taxpayer wrote to the court on June 3, 2003, seeking to appeal the NOL. The Magistrate Division received that letter on June 9, 2003. The Magistrate Division returned taxpayer's letter because she did not include a proper complaint or a filing fee with her letter. On June 18, 2003, taxpayer mailed a complaint and the appropriate filing fee to the court. The Magistrate Division received and filed that mailing on June 23, 2003.

In its answer, the department moved to dismiss taxpayer's complaint for failure to timely file her appeal with the Magistrate Division. The magistrate granted that motion. Taxpayer has appealed that ruling to this division. Taxpayer also has moved to stay the payment of tax.

## III. ISSUE

Did taxpayer file a timely appeal with the Magistrate Division?

## IV. ANALYSIS

■ At issue in this case is whether taxpayer filed a timely appeal with the Magistrate Division. Timeliness of appeal from an NOL is defined in ORS 316.207(3)(c),[1] which states:

> "If neither payment nor written objection to the notice of liability is received by the department within 30 days after the notice of liability has been mailed, the notice of liability becomes final. In such event, the officer, employee or member may appeal the notice of liability to the tax court within 90 days after it became final in the manner provided for an appeal from a notice of assessment."

The department mailed its NOL to taxpayer on February 14, 2003. Taxpayer did not make a payment nor did she submit a written objection within 30 days, which in this case was March 17, 2003, because the thirtieth day fell on Sunday, March 16, 2003. ORS 174.120. Once the NOL became final, taxpayer had until Monday, June 16, 2003, to file an appeal with the Tax Court because the ninetieth day fell on Saturday, June 14, 2003.

■ Taxpayer apparently asserts that she filed a timely complaint with the Magistrate Division because she wrote a letter to the court on June 3, 2003. Although taxpayer did initially communicate with the court in early June 2003, taxpayer's communication did not satisfy the court's filing requirements necessary to constitute an appeal as required

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001 unless otherwise noted.

under ORS 316.207(3)(c). TCR-MD 1 A delineates those filing requirements as follows:

"To begin an appeal to the Magistrate Division, a party must deliver or mail to the court *all* of the following:

"(1) A written complaint on the form provided by the court, or in similar format; and

"(2) The correct filing fee, either:

"(a) $10 for each Small Claims procedure elected; or

"(b) $25 for each complaint filed as to all other cases."

(Emphasis in original.) Here taxpayer's letter did not conform with either the format or the filing fee requirements; therefore, the court returned taxpayer's letter to her and requested that she comply with TCR-MD 1. Taxpayer mailed a proper complaint and the appropriate filing fee on June 18, 2003, two days after the 120-day deadline set out in ORS 316.207(3)(c) and measured from the mailing of the NOL. On this record, therefore, the court finds that taxpayer did not file her complaint and filing fee within the period required by statute and by court rule.

Taxpayer next argues that the court should consider the fact that she did not receive the NOL in a timely fashion because the department had mailed the NOL to an address at which she no longer resided. Taxpayer has not articulated a legal basis on which that fact might afford her relief from the filing deadlines. In fact, no such relief exists in the law.

ORS 316.207(3)(c) indicates that the date from which the deadline is determined is the date that the "the notice of liability has been mailed." That statutory section does not specify a location to which the NOL must be mailed, such as taxpayer's current actual address. As the department argues, ORS 305.265(1) provides that ORS 305.265 controls certain procedural aspects related to NOLs. In particular, ORS 305.265(11) provides that "[m]ailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." Having implicated ORS 305.265(11), the department argues that the Oregon Supreme Court's definition of "last-known" address in *Morris v. Dept. of Rev.*, 320 Or 579, 889 P2d 1294, *cert den*, 516 US

816 (1995), is instructive. The court agrees with the department.

In *Morris*, the department attempted to mail a notice of determination and assessment to the taxpayer. *Id.* at 581. The taxpayer had last filed a tax return with the state approximately seven years earlier. *Id.* at 584. In order to determine the taxpayer's last-known address, the department requested a federal transcript, which showed an address in St. Helens, Oregon. *Id.* After sending three preliminary notices to that address, the department requested a DMV computer printout, which also indicated that the taxpayer's address was in St. Helens. *Id.* The department's attempts were eventually unsuccessful and one notice was returned to the department as undeliverable. Despite those efforts, the taxpayer nonetheless argued that the department was obligated to continue its investigation into ascertaining the taxpayer's current address. *Id.* at 585. The Oregon Supreme Court disagreed with the taxpayer, noting that under ORS 305.265(11) "[l]ast-known address ordinarily refers to the address provided on the last Oregon income tax return filed by the taxpayer." *Id.* at 583-84 (internal quotations omitted). In holding for the department, the court stated that the department need only exercise "reasonable diligence" in determining the taxpayer's last-known address. *Id.* at 585.

Here the facts represent a more typical situation than that discussed by the court in *Morris*. In this case, the department processed taxpayer's 2001 personal income tax return on April 30, 2002. Taxpayer admits that the NOL was eventually delivered to her and the record does not indicate that the department ever received any notice that the NOL was delayed or otherwise undeliverable at the address indicated on taxpayer's 2001 personal income tax return. In fact, the department only received notice of taxpayer's change of address on April 1, 2003, when the department processed taxpayer's 2002 personal income tax return. The court finds, therefore, that when the department mailed the NOL to taxpayer at the address listed on her 2001 personal income tax return, the department used reasonable diligence in determining taxpayer's last-known address because it had no notice that taxpayer had moved.

## V.   CONCLUSION

Based on the foregoing reasons, the court concludes that taxpayer did not file a timely appeal with the Magistrate Division; therefore, the court grants the department's motion to dismiss.[2] As a result of that ruling, the court denies taxpayer's motion to stay payment of income tax as moot. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted;

IT IS FURTHER ORDERED that Plaintiff's motion for stay payment of income tax is denied as moot; and

IT IS FURTHER ORDERED that judgment shall be entered in accordance with the decision of the Magistrate Division.

Costs to Defendant.

---

[2] As in *Fackler v. Dept. of Rev.*, 18 OTR 67 (2004), the court notes that a person who pays a liability under ORS 316.207 may have a right to claim a refund after payment and within two years of such payment. No such claim for refund is involved in this proceeding.