ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT.
 I. INTRODUCTION
This matter comes before the court on the Motion to Dismiss and Motion for Summary Judgment of Defendant Department of Revenue (the department). Plaintiff (taxpayer) filed a response on January 16, 2008.
 II. FACTS
On July 26, 2007, the Regular Division of the Oregon Tax Court received a document entitled "Notice of Appeal" from taxpayer. (Ptf's "Notice of Appeal" at 1, July 26, 2007.) It was stamped "Received" by the court. (Id.) No filing fee nor request for waiver of the filing fee was enclosed. (Id.) On the same day, the court returned the document to taxpayer, along with a blank complaint form, instructions for filing an appeal, and a cover letter explaining that to appeal to the Regular Division from a Magistrate Division decision, a signed complaint and copy, two copies of the magistrate decision, and either a $50 filing fee or request for waiver of the fee *Page 2 
accompanied by an affidavit of indigence must be submitted to the court. (Tax Court's Ltr to Ptf at 1, July 26, 2007.)
On August 29, 2007, the court again received the document entitled "Notice of Appeal" from taxpayer. (Compl at 1.) This time, the document was accompanied by the $50 filing fee, and the court filed the document that day. (Id.) The department filed its Motion to Dismiss and Motion for Summary Judgment on September 28, 2007. Taxpayer did not file a response. A case management conference was held November 26, 2007. At that time, the court allowed taxpayer until December 17, 2007, to file a response to the department's motion. (Tax Court's Ltr to Ptf at 1, Nov 26, 2007.) The court also advised the parties that no oral argument had been requested on the motion and that none would be held unless requested by a party. (Id.)
Taxpayer again did not timely file a response with the court. On January 2, 2008, the court received from the department a document captioned "Reply to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment and Response to Plaintiff's Affidavit of Undue Hardship and Motion for Leave to Submit Brief in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment, Out of Time." Based on the caption, the court determined that taxpayer had not sent his responsive documents to the court, although he had apparently sent them to opposing counsel. Accordingly, the court sent taxpayer and the department a letter stating that for those documents to be considered, they must be filed on or before January 18, 2008. (Tax Court's Ltr to Ptf at 1, Jan 4, 2008.) In addition, the court stated that any objection to those pleadings being considered by the court must be filed by the department on or before January 25, 2008. *Page 3 
On January 16, 2008, the court received taxpayer's documents. On January 17, 2008, the court received a letter from the department objecting to the court considering the documents. No oral argument has been requested by either party, and, accordingly, none will be held.
 III. ISSUE
Should taxpayer's appeal be dismissed?
 IV. ANALYSIS
The department asserts that taxpayer's complaint should be dismissed because: (1) the complaint filed by taxpayer was filed more than 60 days after the Magistrate Division decision, as required by ORS305.501(5)(a),[1] (2) taxpayer failed to either pay the tax, penalty, and interest due before filing his complaint or request a stay of payment of tax when he filed his complaint as required by ORS 305.419, and (3) taxpayer failed to timely file his appeal in the Magistrate Division. In addition, the department objects to the court considering taxpayer's response to its allegations.
Any party dissatisfied with a Magistrate Division decision may appeal that decision by filing a complaint in the Regular Division of the Tax Court. ORS 305.501(5)(a). That statute provides that an appeal to the Regular Division must be made 60 days from the date of entry of the magistrate decision. ORS 305.501(5)(a). A complaint not filed within the 60-day period must be dismissed. Sproul Sproul Inc. v. Deschutes Co.Assessor, 18 OTR 321, 322 (2005). The court cannot file a complaint that does not include the $50 filing fee or a request for waiver of the fee accompanied by an affidavit of indigence. TCR 1 B; ORS 305.490(1)(b). *Page 4 
Communication with the court that does not fulfill requirements necessary to constitute an appeal will not stay the statutory period from running. Slack Durmaz v. Dept. of Rev., 18 OTR 94, 96-97 (2004).
Taxpayer's "Notice of Appeal" submitted July 26, 2007, was neither accompanied by the filing fee nor a request for waiver of the fee and affidavit of indigence. Accordingly it could not be filed as a complaint. TCR 1 B. Taxpayer resubmitted the document August 29, 2007, along with the fee, whereupon it was filed by the court. The filing date of August 29, 2007 is well beyond the statutorily prescribed deadline of 60 days. ORS 305.501(5)(a). Nothing in taxpayer's January 16, 2008, response aids taxpayer, and the court concludes that taxpayer's appeal is time-barred by ORS 305.501. Because the court concludes that taxpayer's complaint must be dismissed for being untimely filed, the department's remaining arguments need not be addressed.
 V. CONCLUSION
Taxpayer's appeal is time-barred under ORS 305.501and, therefore, must be dismissed. Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss and Motion for Summary Judgment is granted.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON JANUARY 24,2008, AND FILE STAMPED ON THE SAME DAY.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1