IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ALEJO ORDONEZ DIAZ,  )
)
Plaintiff,  )  TC-MD 120051D
)
v.  )
)
DEPARTMENT OF REVENUE,  )
State of Oregon,  )
)
Defendant.  )  **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion) filed on

April 4, 2012.

A case management conference was held on Wednesday, May 30, 2012. Plaintiff's

representative, Francisco Javier Pena, appeared. Defendant's representative, Sandi Lyon,

Auditor, appeared.

On May 31, 2012, the court sent the parties a Journal Entry stating that Defendant would

submit additional information in support of Defendant's Motion no later than June 7, 2012, and

Plaintiff's written response to Defendant's Motion was to be filed no later than July 5, 2012.

Plaintiff filed his response to Defendant's Motion on July 5, 2012.

In its Motion, Defendant alleged that for tax year 2008:

"Plaintiff previously filed a complaint to the Magistrate Division for the
same issue. A Judgment of Dismissal, TC-MD 100067C, was granted on
1/27/2011 because the complaint was not timely filed. Plaintiff has since filed for
doubtful liability through the Department of Revenue."

(Def's Mot to Dismiss at 1.) In his response, Plaintiff stated that he filed for doubtful liability

relief. (Ptf's Resp at 1.)

DECISION OF DISMISSAL TC-MD 120051D 1

ORS 305.295[1] governs the process for seeking doubtful liability relief. Under ORS 305.295(6), "[a] taxpayer may appeal denial of a request for cancellation of assessment or refund to the Director of the Department of Revenue. The decision of the director is final and may not be appealed." The Oregon Supreme Court held that taxpayers may not appeal decisions of the Director of the Department of Revenue regarding doubtful liability relief to the Tax Court. *Morris v. Dept. of Rev.*, 320 Or 579, 586, 889 P2d 1294 (1995). Because Plaintiff sought and received a review by the Oregon Department of Revenue of the 2008 tax year, Plaintiff cannot appeal to this court.

For tax year 2009, a review of Defendant's Notice of Deficiency Assessment (Notice) stated that it was mailed to Plaintiff on October 4, 2011. Plaintiff's Complaint was filed on February 7, 2012. This interval is longer than the 90 days required by ORS 305.280(2), which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

In his response, Plaintiff alleged that Defendant's Notice was improper because "[a]ccording to the [Defendant] a notice was sent to the last known address but Plaintiff, Alejo Ordonez, filed a Power of Attorney designating Francisco Javier Pena as a representative for the 2009 year * * * and not [*sic*] correspondence was sent to the representative." (Ptf's Resp at 1.)

ORS 314.410(5) provides, in relevant part, that "[t]he tax deficiency must be assessed and notice of tax assessment mailed to the *taxpayer or authorized representative*, who is authorized in writing, within one year from the date of the notice of deficiency * * *."

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

(Emphasis added.) Plaintiff alleges that Defendant's Notice should have been sent to his authorized representative and not to him.

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries* (*PGE*)*,* 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. *PGE,* 317 Or at 611; *State v. Gaines,* 346 Or 160, 171, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE,* 317 Or at 611. The court cannot add "what has been omitted or * * * omit what has been inserted[.]" ORS 174.010.

ORS 314.410(5) states that Defendant must send notice to the taxpayer or authorized representative. "Or" is a conjunction used to indicate a choice between alternative things, states, or courses. *Webster's Third New Int'l Dictionary* 1585 (unabridged ed 1993). Because Defendant had a choice between sending its Notice to the taxpayer or authorized representative, Defendant met the statutory requirement of ORS 314.410(5) by sending its Notice to Plaintiff.

Because Plaintiff failed to file his Complaint "within 90 days after the date of the notice of adjustment is final[,]" Defendant's Motion to Dismiss is granted. ORS 305.280(2). Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed.

The Complaint is dismissed.

Dated this ____ day of August 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*