IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

AMBER KAE CRUZ                                   )
and ALEJANDRO CORONA RAMIREZ,                    )
                                                 )
          Plaintiffs,                            )     TC-MD 180351G
                                                 )
     v.                                          )
                                                 )
DEPARTMENT OF REVENUE,                           )
State of Oregon,                                 )
                                                 )
          Defendant.                             )     **ORDER DISMISSING COMPLAINT**

     This matter came before the court on Defendant's motion asserting a timeliness defense

and requesting dismissal.  Although Defendant captioned its motion as a motion to dismiss, the

court allowed the parties to submit evidence, effectively converting it into a motion for summary

judgment.

     In ruling on motions for summary judgment, the court looks exclusively to the documents

on file.  *See* TCR 47 C.[1]  The court grants summary judgment where those documents show

"there is no genuine issue as to any material fact" and "the moving party is entitled to prevail as

a matter of law."  *Id*.

     Plaintiffs filed their Complaint in person on October 25, 2018, appealing Defendant's

Notice of Proposed Refund Adjustment, dated June 25, 2018 (adjustment notice).  Plaintiffs

allege in their response and in an attachment to their Complaint that the adjustment notice did not

arrive in their mailbox until October 13, 2018.  Plaintiffs' implicit argument is that they were not

given adequate notice of the period of limitations for filing an appeal.  Although the matter

---

[1] Pursuant to the Preface of the Tax Court Rules–Magistrate Division (TCR–MD), the Tax Court Rules (TCR) are applicable as a guide where situations arise not covered by the Magistrate Division rules.

would require further inquiry if proceedings in this litigation were to continue, for purposes of deciding Defendant's motion the court treats Plaintiffs' allegation as true.[2]

The question is whether the law provides relief to taxpayers who do not receive actual notice of proposed refund adjustments until a significant amount of time after the adjustment notices are issued.

Where the Department of Revenue determines that an adjustment to a taxpayer's claimed refund is warranted, it must send notice of its proposed adjustment. ORS 305.270(3)[3]. While ORS 305.270 does not specify the means by which the department must send such notice, the department's administrative rules require that such notice be sent to represented taxpayers at "the last-known address as required by ORS 305.265(11)"—the statute governing sending notices of deficiency. OAR 150-305-0232(1).[4] ORS 305.265(11), in turn, states: "Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section."

The various subsections of ORS 305.280 not only provide different periods of limitation applicable to appeals from different acts of taxing authorities; they also provide different beginning points for measuring those periods. For example, the first portion of ORS 305.280(1)

---

[2] Elsewhere, Plaintiffs alleged lapses in the delivery of mail from Defendant and from the court. Plaintiffs alleged that they never received a mailed copy of Defendant's request for additional information, dated April 25, 2018, and only learned of its existence when an auditor called them on October 29, 2018, and subsequently emailed it to them. (Ptfs' Written Statement re Mot Dismiss at 2.) Plaintiffs further alleged that they did not receive the court's notice of the first telephone hearing scheduled in this case until the 26th day after it was issued. (Ptfs' Written Response to Court's Order to Show Cause at 1.)

With its reply, Defendant submitted evidence tending to cast doubt on Plaintiffs' assertion that they had never received Defendant's request for additional information; namely, that the copy of that form provided by Plaintiffs to the court lacked the watermark reading "duplicate" that was present on the copy emailed to Plaintiffs on October 29, 2018.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[4] Oregon Administrative Rules (OAR)

begins the period of limitations for certain appeals when the taxing authority's act "becomes actually known to the person[.]" In contrast, other subsections "measure limitations periods from the date of service by mail or issuance of an order or some other more objectively determinable date." *Clackamas County Assessor v. Crew*, 21 OTR 362,365 n 4 (2014). Under ORS 305.280(2), the limitations period for appeals of notices of assessment begins to run when the department mails notice. *Morris v. Dept. of Rev.*, 320 Or 579, 583, 889 P2d 1294 (1995). Where a limitations period begins with the date of the notice, it makes no difference that a taxpayer never receives the notice. *Vesely v. Dept. of Rev.*, TC 3451, WL 923651 (Or Tax May 9, 1994) (holding appeal time-barred by ORS 305.280(2) even though taxpayer never received assessment notice).

The relevant appeal period in this case is similarly found in ORS 305.280(2). A taxpayer receiving a notice of a proposed refund adjustment is entitled to appeal to this court "within 90 days after the date the notice of adjustment is final." ORS 305.280(2). Recipients of such notices may seek administrative review from Defendant by requesting a conference or submitting written objections "within 30 days of the date of the notice of proposed adjustment[.]" ORS 305.270(4)(b). If no such administrative review is sought, the notice of proposed adjustment becomes final at the expiration of the 30-day period. *See* ORS 305.270(5)(b). Thus, a taxpayer who takes no other action is allowed 120 days to appeal to this court from the date of a notice of proposed refund adjustment. That period is measured from "the date of the notice," not the date a taxpayer receives the notice. ORS 305.270(4)(b).

Plaintiffs' 120-day appeal period began to run on June 25, 2018, the date of the adjustment notice. Plaintiffs' Complaint was filed 122 days after that date, and there is no indication that they sought administrative review during that time. Although Plaintiffs allegedly

did not receive the adjustment notice until 110 days after it was issued, that fact is not material under ORS 305.280(2). *See Vesely*, 1994 WL 923651. The undisputed material facts show that Plaintiffs' Complaint was untimely, and Defendant is entitled to prevail under the law. *See* TCR 47 C. Now, therefore,

IT IS ORDERED that Plaintiffs' Complaint be dismissed.

Dated this ___ day of June, 2019.

POUL F. LUNDGREN
MAGISTRATE

*This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.*

*This document was signed by Magistrate Lundgren and entered on June 25, 2019.*