IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DALE W. HOSLEY and AMY E. HOSLEY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 250169N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

Plaintiffs appeal Defendant's Notice of Proposed Refund Adjustment, dated October 30, 2024, denying Plaintiffs' state tax refund for the 2020 tax year. Defendant moved to dismiss Plaintiffs' appeal as untimely filed. As an alternative position, Defendant maintains that it properly denied Plaintiffs' 2020 refund because Defendant received Plaintiffs' return more than three years after the due date. The parties submitted written briefing in accordance with a schedule agreed upon during the case management conference. This matter is ready for decision.

## I. STATEMENT OF FACTS

On March 9, 2021, Plaintiffs requested and received a six-month extension to file their 2020 federal return, making the new deadline October 15, 2021. (Compl at 7, 9.) Plaintiffs believed they had three years to submit their returns, until October 15, 2024. (*Id.* at 9.) Plaintiffs mailed their 2020 tax returns on October 15, 2024. (*Id.*) On their 2020 state tax return, Plaintiffs claimed a $12,135 refund. (Def's Am Mot to Dismiss at 7.) Defendant received Plaintiffs' 2020 return on October 21, 2024, and declined to issue a refund because it received the 2020 return more than three years after the due date. (Compl at 3.) Defendant mailed a Notice of Proposed Refund Adjustment on October 30, 2024, to the address listed on Plaintiffs' 2020 tax return.

(*Compare* Compl at 3 with Def's Am Mot to Dismiss at 5.) Plaintiffs had moved from that address in 2022 and did not receive Defendant's notice in the mail. (Ptfs' Resp at 1.) They discovered that their refund had been denied on March 28, 2025, when they called Defendant. (*Id.* at 1-2.) Plaintiffs received a copy of the notice from Defendant on April 7, 2025, and filed their Complaint with this court on April 10, 2025. (*Id.* at 2.)

## II. ANALYSIS

The issue is whether Plaintiffs' Complaint was timely filed with this court. Defendant asserts that Plaintiffs had 120 days to appeal from the notice issued on October 30, 2024, making the deadline February 27, 2025. (Def's Am Mot to Dismiss at 2.) Plaintiffs argue the deadline should be set aside on equitable grounds because Plaintiffs did not receive a copy of the notice until April 7, 2025. (Ptfs' Resp at 2.) Thereafter, Plaintiffs promptly filed their Complaint on April 10, 2025. (*Id.*)

A.     *Appeal Within 120 Days of Notice*

Under ORS 305.280(2) "[a]n appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."[1] When Defendant issues a notice of proposed adjustment, taxpayer has 30 days to make written objections or request a conference with Defendant. ORS 305.270(4)(b). If taxpayer does not make written objections, the notice of proposed adjustment becomes final after 30 days. ORS 305.270(5)(b). Thus, an appeal must be made within 120 days from notice of proposed adjustment, assuming no written objections were made to Defendant. In this case, the Notice of Proposed Refund Adjustment was dated October 30, 2024, and Plaintiffs' deadline to appeal was 120 days later, February 27, 2025. Plaintiffs' appeal was not timely filed under ORS 305.280(2).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

B.      *Receipt of Notice*

Even though Plaintiffs' Complaint was not timely filed under ORS 305.280(2), Plaintiffs argue that the court should set aside or otherwise extend that deadline because Plaintiffs did not receive a copy of the notice until April 7, 2025, and promptly thereafter appealed. Plaintiffs acknowledge that Defendant sent the notice to their "last known address on file from previous filings" but maintain they did not receive it in the mail because they moved. (Ptfs' Resp at 1.) Accepting that Plaintiffs did not receive the notice in the mail, the question becomes whether that renders the notice ineffective or otherwise extends their time to appeal.

Under ORS 305.270(3), "[u]pon receipt of a claim for refund, * * * the department shall either refund the amount requested or send to the claimant a notice of any proposed adjustment to the refund claim, stating the basis upon which the adjustment is made." ORS 305.270 does not specify what constitutes notice, but ORS 305.265(11), which applies to notices of deficiency, states that "[m]ailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." What constitutes the last-known address is clarified by Oregon Administrative Rule (OAR) 150-305-0210(2), which states that "[t]he department will use the address on the most recently filed return as the last-known address unless the taxpayer has notified the department in writing, electronically, or through a documented phone call that this address is incorrect." Each of those forms of notification are defined by the rule. OAR 150-305-0210(a) states that "in writing" means a letter written to the department, a completed Form 150-800-738 Change of Address/Name, or a completed Form 150-211-156 Oregon Combined Payroll Tax Business Change in Status.

In *Morris v. Department of Revenue*, the court confirmed that "'[l]ast-known address' ordinarily refers to the address provided on the last Oregon income tax return filed by the

taxpayer." *Morris v. Dept. of Rev.,* 320 Or 579, 583-84, 889 P2d 1294 (1995). The address "changes if the department has actual notice that the taxpayer's address has changed. Once the department has such notice, it is required to use reasonable diligence in ascertaining the taxpayer's last-known address. *Id*. at 584.

In this case, Plaintiffs moved in 2022 but listed their former address on their 2020 tax return received by Defendant on October 21, 2024. Plaintiffs have not alleged or provided evidence that Defendant had actual notice of the change of address. Because Plaintiffs' 2020 tax return was the most recently filed tax return, the address contained within was the last known address. Defendant provided sufficient notice when it sent the Notice of Proposed Refund Adjustment to the address on the 2020 return. Plaintiffs have not identified any other legal authority to extend the statute of limitations in this case.

### III.  CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs' appeal was untimely filed under ORS 305.280(2). Defendant mailed the notice to Plaintiffs' last known address, as stated on their 2020 return filed in October 2024. There is no basis to extend the appeal deadline even though Plaintiffs did not receive Defendant's notice in the mail. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Plaintiffs' appeal for the 2020 tax year is dismissed.

_____

ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on October 15, 2025.*